IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY DEWITT, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 1:18-cv-03202-DKC |
| WILLIAM RITZ, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF WILLIAM RITZ, GREGORY MACGILLIVARY, GARNELL GREEN, KEVIN TURNER, MARK VENEY, MICHAEL GLENN, AND CHARLES JONES IN SUPPORT OF MOTION TO DISMISS, IN PART, THE CIVIL COMPLAINT**

Defendants, William Ritz, Gregory MacGillivary, Garnell Green, Kevin Turner, Mark Veney, Michael Glenn, and Charles Jones ("Defendants"),[1] by their undersigned counsel, hereby file this Memorandum in Support of their Motion to Dismiss, in Part, the Civil Complaint filed in this matter, and state as follows:

**I.    INTRODUCTION AND BACKGROUND**

In 2003, Plaintiff Tony Dewitt was convicted of first-degree murder, second-degree murder, use of a handgun in the commission of a crime, and wearing or carrying a handgun in connection with the 2002 murder of a 16-year-old girl and the attempted murder of an 18-year-old boy. (Compl. ¶¶ 3, 5.) Mr. Dewitt petitioned for a writ of actual innocence on the basis of newly discovered evidence, which was denied by the Circuit Court for Baltimore City on August 18, 2010. *See* Circ. Ct. Balt City Case No. 103006015/16. Mr. Dewitt thereafter sought post-conviction relief on a number of grounds. *See* Mem. Op., *Dewitt v. State of Maryland*, Case Nos.

---

[1] "Defendants" is defined to exclude Christopher Jones, who, undersigned counsel understand, the Plaintiff does not intend to serve with the Complaint.

1

103006015-16, PC No. 11165 (Cir. Ct. for Baltimore City, Aug. 21, 2015), attached hereto as Exhibit A.[2] The trial court rejected every ground for relief asserted by Mr. Dewitt except one: that trial counsel was ineffective for failing thoroughly to investigate an exculpatory statement by one witness named Tyrell Curtis to the police, as reflected in a document that Mr. Dewitt testified that he obtained by a Public Information Act request to the Office of the State's Attorney. *See id.* at 35- 36 and 64-71. Following the grant of post-conviction relief, a *nolle prosequi* was entered and Mr. Dewitt was released from prison in October 2015. (Compl. ¶ 5.) Mr. Dewitt now brings this lawsuit against Defendants, seven police officers, in their individual capacities. (Compl. ¶¶ 7-12, 14.) Mr. Dewitt alleges that certain witnesses were coerced into identifying Mr. Dewitt as the shooter and that he was arrested and detained, and ultimately convicted, in violation of his constitutional rights based on the "coerced testimony manufactured by the Defendants." (Compl. ¶ 5.)

According to the Complaint, Defendants Gregory MacGillivary, Kevin Turner, and William Ritz allegedly threatened one or more witnesses that they or their family members would be arrested unless they identified Mr. Dewitt at the shooter. (Compl. ¶¶ 26, 30, 32-37.) However, the Complaint does not contain any factual allegations concerning the personal wrongdoing of Defendants Mark Veney, Michael Glenn, Charles Jones, and Garnell Green. Accordingly, Defendants seek dismissal of all claims as to these Defendants.

Additionally, the Complaint is devoid of any allegation of a "common purpose" or an positive or tacit understanding to support the existence of a conspiracy and therefore fails to state a claim for civil conspiracy under § 1983 for this reason. Plaintiff's claim for civil conspiracy

---

[2] This Court may take judicial notice of the Memorandum Opinion, because it is contained within the files of a Maryland circuit court, and may do so without converting a motion to dismiss into a motion for summary judgment. *See Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 246 n.2 (D. Md. 2013).

2

separately fails under the intracorporate conspiracy doctrine. Accordingly, Defendants seek dismissal of this claim as to all Defendants.[3]

## II. STANDARD OF REVIEW

Defendants move under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In reviewing a complaint in light of a motion under Rule 12(b)(6), the court should accept all well-pleaded allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unsupported legal conclusions and conclusory factual allegations that do not reference specific events, however, do not suffice. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).

## III. LAW AND ARGUMENT

The Complaint contains a single cause of action titled "Violation and Conspiracy to Violate Fourth and Fourteenth Amendment Rights under 42 U.S.C. § 1983 – Malicious Prosecution" and has been brought against the Defendants "[i]n their individual capactities."[4]

---

[3] This Motion does not address the claim characterized as "malicious prosecution" against Defendants William Ritz, Gregory MacGillivary, and Kevin Turner, and these Defendants will be filing Answers to the Complaint.

[4] The Defendants note that the case caption on the Complaint identifies each Defendant "in his individual and official capacity." Official-capacity suits under Section 1983 "'generally represent only another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). In other words, an official-capacity suit is a *Monell* pattern-and-

3

(Compl. at 14.) The Complaint alleges generally that the Defendants violated Mr. Dewitt's constitutional rights[5] when they "commenced and continued the criminal proceedings against Mr. Dewitt without any belief that he was guilty of the crimes for which he was charged or that they had any reasonable right to charge the charges he was charged with against him." (Compl. ¶ 45.) Notably, the Complaint is devoid of any specific factual allegations concerning Mark Veney and Michael Glenn, and fails to allege any facts from which the Court could infer wrongdoing on the part of Charles Jones and Garnell Green and fails to state a claim against these Defendants.

The Complaint also contains the bare conclusory assertion that the alleged malicious prosecution was part of a conspiracy among the Defendants. (Compl. ¶ 44.) The Complaint fails to allege any common purpose or tacit understanding to support the conspiracy claim, and as a result, the Complaint fails to state a claim for civil conspiracy under § 1983. The conspiracy claim separately fails under the intracorporate conspiracy doctrine.

---

practice claim. Despite captioning his Complaint as "individual and official capacity," and despite one reference in Paragraph 12 to Defendant Michael Glenn's "official capacity" (all other Defendants, in contast are expressly alleged to be "individual capacity defendants, *see* Complaint at ¶¶ 7, 8, 9, 10, 11, 13, and 14), the Plaintiff simply has not brought a *Monell* count. Therefore, even assuming that the Plaintiff intended to bring an official-capacity suit under *Monell*, any such claim should be dismissed for failure to state a claim upon which relief can be granted.

[5] Although the Complaint characterizes this claim as one of "malicious prosecution," Plaintiff's claim at its core is based on the alleged fabrication of evidence. In *McDonough v. Smith*, the Second Circuit held that such a claim accrues at the time (1) the detainee learned of the fabrication of the evidence and (2) was deprived of a liberty interest by his arrest and trial. 898 F.3d 259, 267 (2d Cir. 2018). The Second Circuit rejected the argument that the claim accrued at the time of acquittal. *Id.* The Supreme Court has granted certiorari in *McDonough*. If the Supreme Court affirms the Second Circuit's ruling, any fabrication claim in this case will necessarily be time-barred. Defendants reserve the right to challenge the timeliness of this action should the Supreme Court's affirm the Second Circuit in *McDonough*.

4

### A. The Complaint Fails To State A Claim Upon Which Relief May Be Granted Against Mark Veney, Michael Glenn, Charles Jones, or Garnell Green.

The Complaint contains no factual allegations concerning Mark Veney and Michael Glenn and contains no allegations of wrongdoing concerning Charles Jones or Garnell Green. The Fourth Circuit has held that a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates some elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to a legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Additionally, a plaintiff <u>must</u> allege facts indicating a defendant's personal involvement in the alleged deprivation of the plaintiff's rights. *See e.g.*, *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (dismissing cause of action against official where the plaintiff failed to allege any personal connection between the official and the denial of the plaintiff's constitutional rights); *Harris v. Green*, No. CIV.A. DKC-12-434, 2013 WL 718868, at *3 (D. Md. Feb. 26, 2013) (dismissing claims against individual defendants where plaintiff "pointed to no action or inaction" on their part "that resulted in a constitutional injury").

Aside from identifying Mark Veney and Michael Glenn as Defendants in Paragraphs 11 and 12 of the Complaint, the Complaint contains <u>no</u> allegations concerning these Defendants. With respect to Defendant Charles Jones, the Complaint contains a single factual allegation:

> Baltimore City Police Office Charles Jones responded to a call for a shooting on Montpelier Street, a one-way street. He found Ms. Moore fatally injured on a porch. Officer Jones cordoned off an area "from the upper part of Polk Avenue, around the 1700 block of Montpelier Street, up several houses within the 1700 block of Montpelier Street." He was acutely aware that Mr. Dewitt was never at the crime scene.

(Compl. ¶ 23.) The Complaint similarly contains a single factual allegation concerning Defendant Charles Jones:

> According to Detective MacGillivary, Maurice Booker arrived at the Homicide Unit at 3:15 p.m., and he was interviewed jointly by Sergeant Garnell Green, and MacGillivary.

(Compl. ¶ 39.)

Furthermore, the allegation that Defendant Charles Jones responded to the call, without any further allegation that he was involved in the investigation or prosecution of Mr. Dewitt, does not sufficiently allege personal involvement in the alleged denial of Mr. Dewitt's rights. Similarly, the allegation that Defendant Garnell Green participated in an interview of Maurice Booker does not sufficiently allege personal involvement in the alleged constitutional violation. Absent any allegation of wrongdoing on the part of Defendants Charles Jones or Garnell Green, Plaintiff does not have a cause of action against these officers for merely responding to a call or participating in an interview. Similarly, Plaintiff makes no factual allegations concerning either Mark Veney or Michael Glenn that resulted in his alleged constitutional injury, and therefore fails to state a plausible claim against these Defendants.

Plaintiff cannot rely on "group pleading" to save his claim against Defendants Mark Veney, Michael Glenn, Charles Jones, or Garnell Green. This Court, along with other federal courts, has held that "group pleading" is insufficient to state a claim under *Twombly*. In *Proctor v. Metropolitan Money Store Corp.*, several homeowner plaintiffs brought claims against many defendants alleged to have been involved in a "foreclosure rescue scam." 579 F. Supp. 2d 724, 729 (D. Md. 2008). Two of the defendants moved to dismiss on the basis that the allegations against them were nonspecific, group allegations. The Court granted the motion to dismiss, holding that "[t]he repeated refrain that all [defendants] committed each and every act must be read as an allegation that one of the three did each act, an assertion that amounts to speculation

6

and which is deficient under *Twombly*." *Id.* at 744; *see also Knowledge Boost, LLC v. SLC California, LLC*, Civ. No. WDQ-09-0936, 2009 WL 3379269, at *5 (D. Md. Oct. 16, 2009) ("Under *Twombly*, Plaintiffs may not simply list 'everyone that could have been involved for every specific act that allegedly occurred.'").

The current Complaint is one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *See Jackson v. Warning*, Civ. No. PJM 15-12133, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016) ("'[T]his Amended Complaint is the quintessential 'shotgun pleading' that is presented in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which defendants and on what legal basis the respective claims are founded.'"). Even cases allowing a claim to proceed on such allegations have recognized that "[g]roup pleading is not ideal," and "[w]here it is possible to connect a particular defendant, or at least a subset of defendants, to specific acts of wrongdoing, a plaintiff must do so." *See J.A. v. Miranda*, Civ. No. PX 16-3953, 2017 WL 3840026, at *3 (D. Md. Sept. 1, 2017). Instead, where plaintiffs "list every possible [defendant] they can find, potentially including [defendants] that were not present on the scene or omitting others that were," the complaint "falls short of that which is required to overcome a motion to dismiss." *See Thomas v. Maryland*, No. GJH-17-1739, 2017 WL 6547733 at *6 (D. Md. Dec. 20, 2017). This is not a case where the plaintiff lacks direct knowledge of the specific officers involved. *Cf. Burgess v. Baltimore Police Dep't*, Civil Action No. RDB-15-0834, 2016 WL 795975, at *10 (D. Md. Mar. 1, 2016). In this case, Plaintiff purports to know and has identified the specific officers who allegedly coerced witnesses into providing false testimony. (*See, e.g.*, Compl. ¶¶ 26, 32-37.)

Plaintiff cannot maintain a claim against Defendants Mark Veney, Michael Glenn, Charles Jones, or Garnell Green in the absence of <u>any</u> allegation indicating their personal involvement in the alleged deprivation of the plaintiff's rights. Thus, this Court should dismiss the claims against Defendants Mark Veney, Michael Glenn, Charles Jones, and Garnell Green.

> **B.** **This Court Should Dismiss Count I, in Full, as to All Officers to the Extent That It Is Predicted on "Conspiracy."**
>
> > **1.** **Count I Fails to Plead Facts Sufficient to Establish the Elements of Conspiracy.**

To state a claim for civil conspiracy under § 1983, a plaintiff must allege that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996). This requires more than merely "a naked assertion of conspiracy." *Shooting Point, L.L.C. v. Cumming*, 243 F. Supp. 2d 536, 537 (E.D. Va. 2003). The plaintiff must plead facts that would "reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421.

Here, the Complaint makes the bare, conclusory allegation that the Defendants conspired to initiate and continue criminal proceedings against Mr. Dewitt without probable cause and violated his constitutional rights. The Complaint contains no factual allegations from which the Court could infer that Defendants reached a positive or tacit understanding or shared a common purpose, or even when such a common purpose was formed. Rather, the Complaint merely recites the elements of a claim for civil conspiracy under § 1983. This is insufficient to state a plausible claim for relief, and Plaintiff's conspiracy claim must be dismissed.

## 2. Any Claims Under Count I for Conspiracy Are Barred by the Intracorporate Conspiracy Doctrine.

The intracorporate conspiracy doctrine provides an additional basis for dismissal of Plaintiff's claim for conspiracy. "It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy." *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)). Because "acts of the agent are the acts of the corporation," agents of the same organization do not provide the plurality of actors needed for a conspiracy. *See id.* (quoting *Nelson Radio*, 200 F.2d at 914); *see also Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984). This legal principle is commonly referred to as the "intracorporate conspiracy doctrine." The Fourth Circuit has recognized the application of this doctrine in the civil rights area. *Buschi*, 775 F.2d at 1251. Additionally, the Fourth Circuit has held that "[s]imply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation." *Id.* at 1252 (quoting *Cole v. Univ. of Hartford*, 391 F. Supp. 888, 893 (D. Conn. 1975)).

All of the Defendants are police officers with the Baltimore Police Department, and the Complaint alleges that "at all times herein pertinent" Defendants were acting in the capacity of an agent, servant, and employee of the Baltimore Police Department. (Compl. ¶¶ 7-12, 14.) Under the intracorporate conspiracy doctrine, all of the acts of Defendants are considered to be the acts of the Baltimore Police Department, which is a single actor. Moreover, Plaintiff has pleaded no facts indicating any personal stake of the individual Defendants in the alleged conspiracy. *See Burgess*, 2016 WL 795975, at *11 (dismissing conspiracy claim against individual officers and Baltimore Police Department based on intracorporate conspiracy

doctrine). Because the Complaint does not allege a conspiracy involving two separate actors, the Complaint fails to state a claim for conspiracy.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request dismissal of all claims as to Defendants Mark Veney, Michael Glenn, Charles Jones, and Garnell Green and the claims for conspiracy as to all Defendants.

Respectfully submitted,

/s/
Neil E. Duke, Bar No. 14073
nduke@bakerdonelson.com
Thomas H. Barnard, Bar No. 27488
tbarnard@bakerdonelson.com
Christopher C. Dahl, Bar No. 29649
cdahl@bakerdonelson.com
Nicole D. Berkowitz
nberkowitz@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street
Baltimore, Maryland 21202
(410) 685-1120
(443) 263-7598 – Fax

*Counsel for Defendants William Ritz, Gregory MacGillivary, Garnell Green, Kevin Turner, Mark Veney, Michael Glenn, and Charles Jones*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2019, a copy of the foregoing Memorandum of William Ritz, Gregory MacGillivary, Garnell Green, Kevin Turner, Mark Veney, Michael Glenn, and Charles Jones in Support of Motion to Dismiss, in Part, the Civil Complaint was served on all counsel of record via this Court's CM/ECF filing system.

/s/
Christopher C. Dahl