IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY DEWITT                       :

   v.                  :   Civil Action No. DKC 18-3202

WILLIAM RITZ, et al.              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the partial motion to dismiss filed by Defendants Michael Glenn, Garnell Green, Charles Jones, Gregory MacGillivary, William Ritz, Kevin Turner, and Mark Veney (collectively, "Defendants"). (ECF No. 18). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the partial motion to dismiss will be granted.

I. **Background**[1]

On July 5, 2002, Sherene Moore and Maurice Booker were shot in Baltimore City, Maryland; Ms. Moore died and Mr. Booker was wounded.[2] (ECF No. 1, ¶ 18). On November 24, 2003, Tony Dewitt

---

[1] Unless otherwise noted, the following facts are undisputed and construed in the light most favorable to Plaintiff.

[2] The complaint lifts, nearly verbatim, its factual allegations from an opinion of the Circuit Court for Baltimore City, Maryland granting Plaintiff post-conviction relief. *See Dewitt v. Maryland*, Case No. 103006015-16 (ECF No. 18-2). The

("Plaintiff") was found guilty of first degree murder of Ms. Moore, use of a handgun in a crime of violence, and attempted first degree murder of Mr. Booker. (ECF No. 18-2, at 7-8). On August 21, 2015, the Circuit Court for Baltimore City, Maryland granted Plaintiff's petition for post-conviction relief because Plaintiff's trial counsel rendered ineffective assistance of counsel by failing to develop and investigate adequately an eyewitness, Tyrell Curtis, "who told the police that he was right next to [Ms. Moore] and that [Plaintiff] was not the shooter." (*Id.*, at 63–72). On October 16, 2015, "a *nolle prosequi* was entered on all counts."[3] (ECF No. 1, ¶ 5).

On October 15, 2018, Plaintiff filed a complaint against Defendants, police officers of the Baltimore City Police Department ("BCPD"), alleging that they "manufactured

---

post-conviction opinion, in turn, adopted without correction "the same statement of facts drawn and quoted directly from the Court of Special Appeals unpublished opinion." (*Id.*, at 8 (citing *Dewitt v. Maryland*, No. 2493, slip op. at 3-23 (Md.App. Feb. 22, 2007)). The complaint does not cite to either opinion and selectively omits facts. Defendants attached the post-conviction opinion to their motion to dismiss. (ECF No. 18-2). The opinion may be considered without converting the motion into one for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Green v. Wells Fargo Bank, N.A.*, 927 F.Supp.2d 244, 246 n.2 (D.Md. 2013) ("A federal district court may take judicial notice of documents from state court proceedings and other matters of public record.").

[3] The Supreme Court of the United States ruled in *McDonough v. Smith*, 139 S.Ct. 2149, 2161 (2019), that a cause of action for fabricated evidence accrues when criminal proceedings terminate in a plaintiff's favor.

2

inculpatory evidence" against him by threatening witnesses with arrest and incarceration and that they ignored "numerous exculpatory statements that [Plaintiff] was not the shooter." (ECF No. 1, ¶¶ 1-5). On March 18, 2019, Defendants filed the presently pending motion to dismiss. (ECF No. 18). Plaintiff requested and received two extensions of time to respond to the motion to dismiss but did not file a response.[4] (ECF Nos. 21; 22; 23; 24).

**II. Standard of Review**

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also*

---

[4] Because Plaintiff failed to respond and Defendants' motion states specific deficiencies with supporting legal argument, the court has discretion to dismiss the case without reaching the merits. *See, e.g. Watkins v. Washington Post*, 17-818-PWG, 2018 WL 805394, at *2 (D.Md. Feb. 9, 2018); *Brown-Henderson v. Capital One, N.A.*, 13-3324-DKC, 2014 WL 3778689, at *1 (D.Md. July 29, 2014); *White v. Wal Mart Stores, Inc.*, No. 14-31-ELH, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014). Nevertheless, the court will consider the merits of Plaintiff's claims.

3

*Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. Analysis**

Plaintiff's complaint raises, in a single "cause of action," a malicious prosecution claim under 42 U.S.C. § 1983 and alleges both violation of and conspiracy to violate the Fourth and Fourteenth Amendments to the United States Constitution. (ECF No. 1, at 14). Defendants contend that Plaintiff fails to state a § 1983 malicious prosecution claim against Defendants Glenn, Green, Jones, and Veney because the complaint "contains no factual allegations concerning [Defendants Glenn and Veney] and contains no allegations of wrongdoing concerning [Defendants Green and Jones]." (ECF No. 18-1, at 5–8). Defendants do not seek dismissal of the § 1983 malicious prosecution claim as to Defendants MacGillivary, Ritz, and Turner, (*Id.*, at 3 n. 3), and they each filed an answer, (ECF Nos. 17, 19, 20). Defendants also contend that Plaintiff

4

fails to state a civil conspiracy claim against any defendant because the complaint makes conclusory allegations of conspiracy and the intracorporate conspiracy doctrine bars a conspiracy claim in this case. (ECF No. 18-1, at 8-10).

**A. Malicious Prosecution**

Under § 1983, a plaintiff may file suit against any "person who, under color of [law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" To state a claim, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

In the United States Court of Appeals for the Fourth Circuit, the term "§ 1983 malicious prosecution claim" is a conventional, but imprecise, reference to a Fourth Amendment claim for unreasonable seizure which incorporates certain

elements of the common law tort [of malicious prosecution]."[5] *Lambert v. Williams*, 223 F.3d 257, 261-63 (4th Cir. 2000) (clarifying "that there is no such thing as a '§ 1983 malicious prosecution' claim" and explaining the term "is simply a claim founded on a Fourth Amendment seizure"); *see also Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (describing malicious prosecution claims as "inartfully termed").

Plaintiff alleges no facts to suggest that Defendants Glenn, Green, Jones, and Veney violated his Fourth Amendment rights. As Defendants emphasize, (ECF No. 18-1, at 5), the complaint contains no factual allegations regarding Defendants Glenn and Veney. The only reference to each of them appears in the paragraphs identifying the parties. (ECF No. 1, ¶¶ 11, 12). The complaint's sole allegation against Defendant Jones is that he "responded to a call for a shooting[,]" found a victim fatally injured, and cordoned off the surrounding area. (*Id.*,

---

[5] The United States Court of Appeals for the Second Circuit recently treated a fabricated-evidence claim as arising under the Due Process Clause because the claim "seeks to vindicate a right not to be deprived of liberty as a result of the fabrication of evidence by a government officer." *McDonough*, 139 S.Ct. at 2155 (internal citation and quotation marks omitted). The Supreme Court assumed without deciding "that the Second Circuit's articulations of the right at issue and its contours [were] sound," and also recognized that fabricated-evidence claims are most analogous to malicious prosecution claims. *Id.* at 2155–56. The Court did not "opine on what the elements of a constitutional malicious prosecution action under § 1983 are or how they may or may not differ from those of a fabricated-evidence claim." *Id.* at 2156 n.3.

6

¶ 23). Although the complaint alleges that Defendant Jones "was acutely aware that [Plaintiff] was never at the crime scene[,]" that allegation ignores testimony from two witnesses that placed him in a car on the scene and in a nearby alley (although they later recanted). (ECF No. 18-2, 9-13). Similarly, the complaint's sole allegation against Defendant Green is that he interviewed Mr. Brooks jointly with Defendant MacGillivary. (ECF No. 1, ¶ 39). The complaint fails to allege that Defendants Glenn, Green, Jones, and Veney violated Plaintiff's Fourth Amendment rights and the § 1983 malicious prosecution claim against them will be dismissed.

**B. Civil Conspiracy**

To establish a civil conspiracy claim under § 1983, Plaintiff must present evidence that Defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiff's] deprivation of a constitutional right[.]" *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). An essential element for a claim of conspiracy to deprive Plaintiff of a constitutional right is an agreement to do so among the alleged co-conspirators. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagen, Inc. v. First Nat'l Bank of S.C.*, 639 F.2d

7

1073, 1075-76 (4th Cir. 1981). Plaintiff fails to allege the required agreement among Defendants and fails to allege that Defendants participated in any conspiracy.

## IV. Conclusion

For the foregoing reasons, the partial motion to dismiss filed by Defendants will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
