IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY DEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-03202-DKC |
| | ) | |
| WILLIAM RITZ, et. al., | ) | |
| | ) | Hon. Deborah K. Chasanow |
| Defendants. | ) | |

**PARTIES' JOINT STATUS REPORT**

Plaintiff, Tony Dewitt, by his attorney, and Defendants William Ritz, Gregory MacGillivary, and Kevin Turner (the "Individual Defendants"), by their attorneys, pursuant to this Court's Scheduling Order issued on January 31, 2020, respectfully submit a joint status report, stating the following:

1. The parties do not consent to proceed in this case before a United States Magistrate Judge.

2. The parties agree to participate in a mediation session with a Magistrate Judge at the end of fact discovery. The defense anticipates needing a year to conduct discovery. The Plaintiff believes that not only can discovery be completed sooner, but also that the parties should have a good handle on the evidence in the case in no later than six months at which time the Plaintiff proposes to have the mediation session.

3. The parties jointly represent that the issues in this case will encompass Plaintiff's alleged damages arising out of the investigation, malicious prosecution, and conviction for the murder of Sherene Moore and shooting of Maurice Booker..

4. The parties request two modifications to the initial Scheduling Order, given the number of third-party witnesses, documents, and third-party discovery involved in

this case: (1) increased deposition hours to depose fact witnesses; and (2) an extended discovery timeline.

5. With regard to the deposition hour limit: Although the parties have not yet conducted discovery, at this point, the parties believe that this will be a case in which a significant number of fact witnesses will need to be deposed. The parties agree that 25 hours will be insufficient.

   a. The parties believe that there are numerous fact witnesses who will need to be deposed, with the likely possibility that more deponents will come to light during discovery. This includes, but is not limited to: Plaintiff; three Defendants, eyewitnesses, witnesses who testified at trial, Plaintiff's post-conviction attorney, expert witnesses, and Plaintiff's damages witnesses. Further, many of the facts at issue in this case occurred nearly 20 years ago. As such, even with witnesses who may have had a smaller role in the homicide investigation, time will have to be allocated to allow the deponents to review documents and/or materials in order to refresh their recollections. Consequently, the parties seek to increase the deposition hour limit to 100 hours per side. (This would not include expert witnesses, or fact/expert hybrid witnesses).

6. With regard to the discovery timeline, the plaintiff requests to extend the fact discovery deadline to eight months because the parties expect to depose a significant number of witnesses, including the parties. Individual Defendants request to extend the fact discovery deadline to twelve months because of the number of documents that will need to be gathered from third parties (court files, defense attorney files, prosecutor files, prison records, etc.) and the depositions that will have to take place

after these materials are gathered. During the discovery period the parties will need time to find and produce documents and/or materials that were generated in relation to Plaintiff's alleged wrongful conviction, which include, but are not limited to the documents, recordings, and/or materials created during the course of the 2002 homicide investigation, the trial, the post- conviction hearing, Plaintiff's incarceration, and Plaintiff's release. The parties will also need time to arrange for the inspection of evidence and files, locate witnesses from 20 years ago, and resolve discovery disputes.

a. The parties request that the deadline for the disclosures of experts and written expert reports under Rule 26(a)(2) be moved until after the fact discovery period, and be extended to permit additional time before each side to disclose its experts. Plaintiff proposes 30 days for each side to disclose its experts, while Individual Defendants propose 60 days. This extended time period will allow the expert witnesses to have access to deposition transcripts and any additional evidence that may be needed to produce expert reports. Further, this extension will enable the parties to have sufficient time to schedule the experts' depositions after the disclosures have been made.

b. Accordingly, the plaintiff submits the following proposed amended schedule:

| Fact discovery commences | February 14, 2020 |
|---|---|
| Motions to amend the pleadings or for joinder of additional parties | March 16, 2020 |
| Fact discovery ends | October 15, 2021 |
| Plaintiff's Rule 26(a)(2) expert disclosures | November 15, 2021 |
| Defendants Rule 26(a)(2) expert disclosures | December 17, 2021 |
| Plaintiff's rebuttal Rule 26(a)(2) expert disclosures | January 19, 2021 |

| | |
|---|---|
| Rule 26(e)(2) supplementation of disclosures and responses | February 2, 2021 |
| Completion of Discovery; submission of Post-Discovery Joint Status Report | February 18 , 2021 |
| Dispositive pretrial motions deadline | March 18, 2021 |

c. Accordingly, Individual Defendants submit the following proposed schedule:

| | |
|---|---|
| Fact discovery commences | February 14, 2020 |
| Motions to amend the pleadings or for joinder of additional parties | March 16, 2020 |
| Fact discovery ends | February 15, 2021 |
| Plaintiff's Rule 26(a)(2) expert disclosures | April 15, 2021 |
| Defendants Rule 26(a)(2) expert disclosures | June 15, 2021 |
| Plaintiff's rebuttal Rule 26(a)(2) expert disclosures | July 15, 2021 |
| Rule 26(e)(2) supplementation of disclosures and responses | August 15, 2021 |
| Completion of Discovery; submission of Post-Discovery Joint Status Report | September 15 , 2021 |
| Dispositive pretrial motions deadline | October 30, 2021 |

Date: February 6, 2020

Respectfully Submitted,

/s/ Charles H. Edwards IV
Charles H. Edwards IV, Bar ID 29977
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
Phone: (410) 547-8568
Fax: (410) 547-0036
charles.edwards@robinhoodlawyers.com
*Counsel for the Plaintiff*

/s/ Shneur Nathan
Shneur Nathan, Bar No. 20707
Avi T. Kamionski, Bar No. 20703
Mayer Engelsberg, Bar ID 21105
Nathan & Kamionski LLP
201 N. Charles St., Suite 1202
Baltimore, MD 21201
Phone: (410) 885-4349

                                        Fax: (952) 658-3011
                                        mengelsberg@nklawllp.com
                                        snathan@nklawllp.com

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

                                        /s/ Shneur Nathan
                                        Shneur Nathan