# EXHIBIT 7

In The Circuit Court For
Baltimore City
Case #. 103006015/16

Tony Dewitt
    (Petitioner)

    v.

State of Maryland
    (Defendant)



RECEIVED FOR RECORD
CIRCUIT COURT FOR
BALTIMORE CITY

2010 AUG -9 PM 3: 04

## Petition For Writ Of Actual Innocence-Newly Discovered Evidence

Now comes, Petitioner Tony Dewitt, an inmate Pro SE, who is currently incarcerated at the

North Branch Correctional Institution (ID. No. 318-063) hereby presents this petition for Writ of Actual

Innocence Newly/discovered evidence, In accordance with 88 8-301, ET Seq, of the criminal procedure article of

the Annotated code of Maryland Subtitle 3, herein requesting a hearing by this honorable court. In connection

with the newly discovered evidence/existing laws and for cause states the following:

### Prior History

Petitioner was convicted of attempted first degree murder of Maurice Booker, first degree murder of

Sherene Moore and handgun violation, following a jury trial before a jury trial before Judge Alfred Nance that

concluded on November 24, 2003. On January 14, 2004 petitioner was sentenced to an aggregated sentence of

life plus 20 years.

The conviction and sentences were appealed timely to the court of special appeals.

In the unreported per curium decision, No. 2493 (Sept term 2003) the C..S.A affirmed the judgment of

the circuit court.

CC: JUDGE Murdock

In March 2010, I wrote a letter to the Attorney Grievance Office making complaints against Ms. Patricia Jessamy in her office for not responding to my Maryland Public Information Act and my letters I sent to her office requesting my homicide and prosecutor file. Mr. Melvin Hirshman, bar counsel wrote me back indicating to me that he contacted Ms. Patricia Jessamy and my files should be on its way. (See exhibit #'s 1, 2, 3)

This petition for writ of actual innocence newly discovered evidence is based on the new evidence of a witness by the name of Shanon Lewis. The statement I received is in my homicide and prosecutor file on 05/17/10. (See appended here to exhibit #6 Ms. Shanon Lewis statements)Upon receiving my files I reviewed the lawfulness of any conviction and after careful review of my documents, Shanon Lewis indicated that she was present at the time of the crime and she witnessed the shooter by the name of "Mwamba Epps" commit the crime and Ms. Lewis indicated that she even over heard Mr. Mwamba Epps talking about the crime (See exhibit # 6 ,5 attached).

Accordingly, this petition for writ of actual innocence newly discovered evidence is filed based on the uncovered statements that were made to Detective Lieutenant Michael Tabor and new laws of Maryland.

### The Merit of the claims Sub Judice
### Have not been previously litigated

The Erratum's Sub Judice is entitled to be novo review: Under the laws of the State of Maryland and specifically the criminal procedures of Maryland Annotated Code 8-301, Subtitle 3. If this court considers any of the erratum's that will be submitted in the instant pleading, Petitioner avers that he has either not waived these claims or that "special circumstances" which excuse any such waiver exist in the case at bar.

Moreover, the circumstances established "excusable neglect" more aptly exemplify petitioner's current dilemma with regard to the erratum's advance here in. Petitioner submit that while it is unequivocal, that in the instant case he failed to take the proper steps at the proper time for the just and equitable resolution of the

issues that he now advance. It was not in consequence of petitioner's own carelessness, inattention or willful

disregard of the process of the court but rather this onerous legal anomaly  In consequence of certain

unavoidable hindrances and mistakes by the original trial court and petitioner's reasonable prudent on the care

and vigilance of trial and appellate counsel. (See e.g., Fed.R.Civil P.6 (B)) authorizing court to permit an act to be

done, where failure to act was result of "excusable neglect". Petitioner avers that any in action on his part

regarding the issues that he now seeks to have this court entertain, were those of a reasonable prudent person

under the facts and circumstances of this particular case and the laws of the State of Maryland (See Conlan V.

Conlan.Ky.293 S.W2d 710,712; and Hollingsworth V. American Finance Corporation, 86 wis 2d 172, 271 N.W 2d

872, 878) as such "special circumstances" exist for this court to entertain the facts and/or issues that petitioner

now presents to this court for the first time which arise out of ineffective assistance of counsel and prosecutor

misconduct claims.

## Claimed Errors

Petitioner Tony Dewitt, challenges both his convictions and sentence of life plus 20 years. He asserts

three categories of claims. First, Petitioner contends that Ms. Shanon Lewis' statements to the detectives are

exculpatory and its exculpatory nature of this statement was known to the prosecutor. In as much as the

exculpatory nature of this statement was not disclosed fully to petitioner or his counsel thus making Mr. Dewitt's

convictions and sentence in violation of due process that were established by Brady V. Washington 373 U.S. 83

(1963) (See exhibit #6,9)

Secondly, Petitioner contends that the exculpatory nature of Ms. Lewis' statements to the detectives would

have been discovered in due course of his own counsel's pretrial investigation of the case. In as much as petitioner

contends that his counsel pretrial investigation did not include an interview with Ms. Shanon Lewis or the

detectives that interviewed the witness whom trial counsel was aware of and did not present as a witness at the

original trial. Accordingly, Mr. Dewitt was denied effective assistance of trial counsel in violation of his rights under

the sixth and fourteenth amendment of the United States Constitution and Article 25 of the Maryland Declaration of Rights.

Third, Petitioner contends that the statement of Ms. Shanon Lewis undermines the evidence underlying petitioner's conviction which is supported solely by the victim Maurice Booker who testified at trial that petitioner was not the shooter in this crime. This statement of Ms. Shanon Lewis constitutes new evidence on which the original conviction and sentence should be vacated in accordance with the Maryland rules.

Argument

It is well settled law that an accused has the right to representation in a criminal case under the sixth amendment to the United States. This right required not only the Act of representation but also that the representation is effective. (Ruth v. State 133 Md. App. 358, 367-6B, 757 A. 2d 152, 157 (2000))

When addressing petitioner's allegations of ineffective assistance of counsel, Maryland courts must consider the strong presumption that the trial counsel performed competently and effectively in his representation State V. Thomas, 325 Md. 416, 421, 578 a.2d 734, 736 (1990) Redman V. State 363 Md. 298, 768 a 2d 656, 662 (2001) stating that judicial scrutiny of counsel's performance is highly deferential and there is a presumption that counsel rendered reasonable assistance and made all significant decisions in the Exercise of Reasonable Professional Judgment. In light of that presumption, the petitioner must satisfy a two prong test to prevail on a claim of ineffective assistance of counsel.

First, the petitioner must prove that counsel's performance was deficient Strickland V. Washington 466 U.s. 668, 104 Sct 2058 (1984); see also OPken V. State 343 Md.256, 283, 681, a2d 30, 43 (1996), Cert denied, 519 U.S. 1079 (1997); Wiggin V. State 352 Md 580, 602-03 (1999) to satisfy this prong, the petitioner must establish that counsel's act or omissions given all the circumstances fell below an objective standard of reasonableness considering prevailing professional norms, Wiggins, 352 Md 580, 602 (quoting Oken, 343 Md. At 284). The petitioner must also rebut the presumption that the conduct complained of was merely "Sound trial strategy" Id; See also Oken 343 Md. 256, 283 (1996)

Secondly, the petitioner must show that the attorney's deficient representation prejudiced the petitioner's case to establish prejudice. The petitioner must prove that counsel's deficient was so egregious that it deprived him of a fair trial, the result of which was substantially likely to have been different but for counsel's deficient conduct Oken, 384 Md at 284, See also Bowers V. State, 320 Md. 406, 425-427 (1990); William V. State 326 Md 367, 374-76 (1992)." The prejudice component of the Strickland test focuses on the question whether counsel's deficient performance renders the results of the trial unreliable or the proceeding fundamentally unfair (Redman V. State) 363 Md. 298,310 (2001) citing William V. Taylor 529 U.S. 362, 393 N.17, 120 sct 1495, 1513 N.17 (2000)

A. Prosecutor Failed to Disclose Exculpatory Evidence And Knowingly Used Perjured Testimony

During the course o discovery in the original trial the prosecutor identified Maurice Booker as an eyewitness to the crime knowing the homicide detectives had induced him by making threats and promises to implicate petitioner in the crime (See exhibit s #8, #9). Months before trial started the prosecutor spoke with Maurice Booker and he informed the prosecutor that he lied to her so his family wouldn't go to jail for the drugs the detectives got out his house when it was raided. When the detectives came to his home to arrest him for an attempted murder that he allegedly committed on 09/25/2002, Maurice Booker testified at trial that Detective Kevin Turner induced him into saying the petitioner was involved for exchange of not locking up his mother, sister and brother for the drugs they got out of his house. The prosecutor knew before trial that the victim/witness committed perjury to the court. The prosecutor knew there was another suspect by the name of Mwamba Epps. There was another eye witness to the crime by the name of Shanon Lewis who gave statements that she witnessed Mwamba Epps commit the crime and heard him speak about committing the crime. The state's failure to convey such information to the defense constitutes a serious denial of due process Roxbury Correctional Institution 31 F. Supp 2d 509 (D. Md. 1998)Affid 194 F. 3d 547 (4th Cir 1999) also Hopkins v. State 19, Md. App 414 (1973) Cert denied, 271 Md 738 (1974) See Exhibit #9 1 of 2.

## B.   Ineffective Assistance of Counsel

At trial Mr. Dewitt was represented by Jerome Lacorte of the Public Defenders.  The only evidence that places petitioner at the scene is Maurice Booker's perjured testimony that was obtained through the pressuring of the police.

Upon obtaining my homicide and prosecutor files through the Maryland Public Information Act , I filed with the prosecutor's office I came across some exculpatory evidence that I was never aware of during my original trial. I came across a witness by the name of Ms. Shanon Lewis who witnessed the crime and came in contact with the assailant by the name of "Mwamba Epps Who indicated to Ms. Lewis that he committed the crime.  Petitioner is filing Ineffective Assistance of Counsel because counsel failed to though roughly investigate facts surrounding the charge and possible defenses, counsel failed to prepare adequately for trial and petitioner counsel failed by not retaining an investigator to interview witness or other statements in the police reports.

If counsel had investigated the availability of mitigating evidence he might as well have decided to present some such material at the hearing if the counsel had done so, there is a significant chance that reasonable doubt would have played a bigger role in my case.  In the possibility conjoined with the unreasonableness of counsel failure to investigate are more than sufficient to establish a violation of the sixth amendment and to entitle respond to a new trial.  The statement clearly creates a substantial possibility that the jury result would have been different as one or all jurors could reasonably have found Ms. Lewis statement more acceptable see exhibit#6. However on the reasonableness created by this conflict and eyewitness testimony the jury could gave acquitted Mr. Dewitt of the crime charged see Kyle V. Whitley 514 vs 419,434 (1995) as such, the solidity of Mr. Dewitt conviction and sentence vacated for the demonstrated violation of Mr. Dewitt constitutional rights to adequate counsel under the sixth and fourteenth amendment and article 25 of the Maryland declaration of rights.

## C. Newly Discovered Evidence

The statement of Ms. Shawn Lewis was not developed at trial and I was not aware until I wrote the

attorney grievance office making complaints about Ms. Patricia Jessamy not responding back to any of my letters

and her office not answering to the Maryland public information act I've filed several times. I uncovered a witness

by the name of Shanon Lewis who made statements that she saw the assailant that committed this crime and the

assailant informed Ms Lewis that he committed the crime. See exhibit# 5,6. Once the prosecutor sent me my

homicide and prosecutor file on 5/17/10 I uncovered this witness I never even saw or heard before. The prosecutor

withheld this exculpatory evidence. Petitioner attorney failed to investigate the witness and the detective that took

Ms. Lewis statement. The prosecutor withheld this vital information that would have changed the outcome of my

trial if the jury had a chance of heating the evidence. The new evidence would require a new trial and vacate

petitioner's sentence.

It has been argued that the standard should focus on the impact of the undisclosed evidence on the

defendant's ability to prepare for trial, rather than the materiality of the evidence to the issue of guilt or innocence.

The prosecutor constitutional duty to reveal evidence to the defense such a standard would be unacceptable for

determining the materiality of what has been generally recognized as "Brady Material" for two reasons. First that

standard would necessarily encompass incriminating evidence as well as exculpatory evidence since knowledge of

the prosecutor entire case would always be useful in planning the defense. See exhibit# 9.

Second such approach would primarily involve an analysis of the adequacy of the notice given to the

defendant by the state and it has always been the court view that the notice component of due process refer to the

charge rather than the evidentiary support for the charge. As discussed previously in earlier cased the following

standards for determining materiality for disclosure purposed were enunciated (1) evidence which may be merely

helpful to the defense; (2) evidence which is of such a character as to create a substantial likelihood of reversal

comment, materiality and defense request aids in defining the prosecutors duty of disclosure. The newly

discovered evidence as would require the vacating of Mr. Dewitts conviction and sentence in the interest of justice

Yorke V. State 315, Md 578 (1989) also Love V. State 95 Md. App 420 cert denied, 331 Md 480 (1993).

### D. Other Required Information

Petitioner, avers that the grounds asserted herein were not previously raised by his attorney, petitioner

has never intelligently waived or knowingly failed to alleged these grounds because petitioner has never been

aware of the establish statements of Ms Shanon Lewis nor advised by his counsel, the trial judge of the state of his

right to waive making these allegations.  The petition for writ of actual innocence newly discovered evidence.

Petitioner sentence should be considered by this court consistent with the new (criminal procedure)  8-301  of  the

annotated code of Maryland subtitle 3 herein requesting a hearing by this honorable court, in connection with the

new evidence/existing laws.

Previous ruling were clearly erroneous and/or new laws and facts have been developed.

Prior counsel was ineffective for not presenting such issues either in the trial court or on appeal.

In prior proceeding, petitioner was not represented effectively by a lawyer.

Any procedural imposed is not a true one based on adequate state ground.

Such bar arose statutorily after Mr. Dewitt was convicted and sentenced.

Any procedural bat was new law applied only to petitioner's case and therefore is precluded under the novelty

doctrine.

Where Mr. Dewitt, respectfully ask that the court grant petitioner a actual innocence newly

discovered evidence hearing and after hearing such additional evidence/testimony as to be required vacate his

conviction and sentence and provide such relief as the court may find to be equitable, appropriate and just.

Respectfully
Submitted

Tony Dewitt #318-063

VERIFICATION

I hereby declare and affirm under the penalties of perjury that the contents of the forgoing petition for writ of

actual innocence-newly discovered evidence is correct to the best of my knowledge, belief and information.

Tony Dewitt

*Tony Dewitt* #318-063

Certificate Of Service

I hereby certify that on this __22__ day of __July__ , 2010 a copy of this foregoing petition for writ of actual

innocence newly/discovered evidence was mailed postage prepaid via to the clerk of the circuit court for Baltimore

City, 100 N. Calvert St, room 200. Baltimore, Md 21202

Truthfully

Tony Dewitt

Tony Dewitt
318-063

NBCI
14100 McMullen Highway, SW
Cumberland, Md 21502
Pro Se

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

**BAR COUNSEL**
MELVIN HIRSHMAN
**DEPUTY BAR COUNSEL**
GLENN M. GROSSMAN
**ASSISTANT BAR COUNSEL**
JAMES P. BOTLUK
RAYMOND A. HEIN
DOLORES O. RIDGELL
GAIL D. KESSLER
FLETCHER P. THOMPSON
MARIANNE J. LEE

100 COMMUNITY PLACE
SUITE 3301
CROWNSVILLE, MD 21032-2027
(410) 514-7051
TOLL FREE 800-492-1660

**INVESTIGATORS**
MARC O. FIEDLER
STERLING H. FLETCHER
MICHAEL H. PEREGOY
DENNIS F. BIENNAS
WILLIAM M. RAMSEY
EDWIN P. KARR
**PARALEGALS**
JOHN DeBONE
KANDACE L. HARRIES
**OFFICE MANAGER**
DEBRA L. ZACHRY

April 1, 2010

**PRIVATE AND CONFIDENTIAL**

Patricia C. Jessamy, Esquire
100 N Calvert Street
208 Mitchell Courthouse
Baltimore, MD 21202

RE:    **File No. 2010-0-1300**
**Complainant: Tony Dewitt**

Dear Ms. Jessamy:

Enclosed is a complaint from Tony Dewitt concerning a Public Information Act request which he alleges was made to your office.

I would appreciate it if you would respond to this matter within **thirty (30) days** of your receipt of this letter.

Very truly yours,

Melvin Hirshman
Bar Counsel

MH/dag
Enclosure(s)
cc: Tony Dewitt

Exhibit 1

# OFFICE OF THE STATE'S ATTORNEY

### FOR

## BALTIMORE CITY

208 THE CLARENCE M. MITCHELL, JR. COURTHOUSE

### BALTIMORE, MARYLAND 21202
April 29, 2010

PATRICIA C. JESSAMY

STATE'S ATTORNEY

PHONE:
(410) 396-4646

Melvin Hirshman, Esquire
Bar Counsel
Attorney Grievance Commission
100 Community Place
Suite#3301
Crownsville, MD 21032-2027

**RECEIVED**

MAY 0 4 2010
**Attorney Grievance
Commission**

RE: File#2010-0-1300
Tony Dewitt

Dear Mr. Hirshman:

Mr. Tony Dewitt's complaint, dated March 17, 2010 does not refer to a particular case number. However, after some research we were able to locate a Homicide file under his name and case#103006015.

We have no record of a Maryland Public Information Act (MIPA) request from Mr. Dewitt.

We will be forwarding to Mr. Dewitt the information to which he is entitled.

Sincerely,

Patricia C. Jessamy
State's Attorney for Baltimore City

PCJ: tsr

Exhibit Z

# ATTORNEY GRIEVANCE COMMISSION
## OF MARYLAND

**BAR COUNSEL**
MELVIN HIRSHMAN
**DEPUTY BAR COUNSEL**
GLENN M. GROSSMAN
**ASSISTANT BAR COUNSEL**
JAMES P. BOTLUK
RAYMOND A. HEIN
DOLORES O. RIDGELL
GAIL D. KESSLER
FLETCHER P. THOMPSON
MARIANNE J. LEE

100 COMMUNITY PLACE
SUITE 3301
CROWNSVILLE, MD 21032-2027
(410) 514-7051
TOLL FREE 800-492-1660

**INVESTIGATORS**
MARC O. FIEDLER
STERLING H. FLETCHER
MICHAEL H. PEREGOY
DENNIS F. BIENNAS
WILLIAM M. RAMSEY
EDWIN P. KARR
**PARALEGALS**
JOHN DeBONE
KANDACE L. HARRIES
**OFFICE MANAGER**
DEBRA L. ZACHRY

May 7, 2010

## PRIVATE AND CONFIDENTIAL

Mr. Tony Dewitt #318-063
14100 McMullen Highway, SW
Cumberland, MD 21502

*RE: File No. 2010-0-1300*
*Respondent: Patricia C. Jessamy, Esquire*

Dear Mr. Dewitt:

Enclosed is a letter from State's Attorney Patricia C. Jessamy, indicating the material that will be sending you even though they have no record of your Maryland Public Information Act request.

Very truly yours,

Melvin Hirshman
Bar Counsel

MH/dll
Enclosure(s)
cc: Patricia C. Jessamy, Esquire





**CITY OF BALTIMORE**

SHEILA DIXON, Mayor

**DEPARTMENT OF LAW**
GEORGE A. NILSON, City Solicitor

OFFICE OF LEGAL AFFAIRS
242 W. 29th Street
Baltimore, MD 21211

**August 25, 2008**

Tony Dewitt # 318 063
NBIC
14100 McMullen Hwy SW
Cumberland, MD. 21502

RE: **Public Information Request**
Case No: 103006015-16

Dear Mr. Dewitt:

Please accept this letter as acknowledgment of your request for records, received in this office on **August 12, 2008**. You have requested information regarding **entire case file in cited case.**

§10-621 of the MPIA permits agencies to charge a reasonable fee for the search for, preparation of and reproduction of a public record (see attached Fee Schedule).

Please respond to this correspondence if you are willing and able to pay costs incurred in your request. If this office does not receive a response within thirty days, this file will be closed. Once you have provided us with the requisite information the BPD will proceed with processing your request and work up a cost. Please refer to tracking # **MPIA 08-072** in any subsequent correspondence in this matter.

Sincerely,

Custodian Of Records
Office of Legal Affairs
Baltimore City Police Department
S931

Encl
Cc; Baltimore City States Attorney's Office



 Printed on recycled paper with environmentally friendly soy based ink.

STATE OF MARYLAND      *      IN THE

VS.      *      CIRCUIT COURT

Tony Dewitt      *      FOR

Case No.: 103006015/16      *      BALTIMORE CITY

*   *   *   *   *   *   *   *   *   *   *

### STATE'S SUPPLEMENTAL DISCLOSURE

Now comes Patricia C. Jessamy, State's Attorney for Baltimore City and Cynthia M. Banks, Assistant State's Attorney for Baltimore City, and in accordance with Rule 4-263 (h) of the Maryland Rules of Procedure, hereby promptly supplements the State's prior disclosures with the following additional witnesses and/or information:

1. notes of Def's statement to police
2. copy of def's transcribed statement
3. notes of interview with Damian Young
4. report—regarding Maurcie Booker's alleged shooting of another youth whom it is believed he thought was Paris Moore.
5. Wymeak Stevenson—after her arrest there was some indication she had information regarding the murder; however upon further investigation she denied having any knowledge about the shooting.
6. Shannon Lewis---indicated she witnessed a homicide at Harford and The Alameda. She stated that the suspect was an African by the name of "Mwanba" Epps. She went on to say that she also knew that this suspect committed the murder at Homestead and Harford and that she had heard the suspect talking about it.

Materials are attached to this supplemental disclosure     ___xx___

Materials are available for review in the State's Attorney's Office at a time that is mutually convenient.     _____

I encourage you to arrange a date and time prior to trial to review the file in total.

I HEREBY CERTIFY that on this 7th day of   April  ,

2003 , a copy of the foregoing State's Supplemental Disclosure was:

_____ served on the Defendant
_____ mailed to the Defendant
_____ served on the Defendant's Counsel
__xx___ mailed to the Defendant's Counsel, Jerome LaCorte, opd

Cynthia M. Banks
Assistant State's Attorney for
Baltimore City
410.396.1772


Exhibit 5

## RESULTS OF ARRESTEE DEBRIEFINGS

1. Wymeak Stevenson F/B.03/15/72, was arrested on a felony undercover buy warrant (#D020515084) and provided information in reference to the following homicide cases:
   * Case #02H0131 Homicide at 1700 Montpelier on 07/05/02
     Case #02H0133 Homicide at 2800 Harford Rd. on 07/05/02

   She was signed up as a confidential informant to provide information on illegal narcotics.

2. Timothy Gresham M/B, 03/20/64, provided information to Detective Sam Bowden ED/DIS in reference to the shooting at 2800 Harford Rd.

3. Raynard Venable M/B, 02/07/67, was transported to Homicide Division where he provided key information to Detective Tom Martin in reference to the following case:
   Case #02H0142 Homicide at 4900 Challedon on 07/16/02



4. Shannon Lewis F/B, 06/20/70, reported that she witnessed the homicide at Harford and The Alameda (Case #02-133) and stated that the suspect was an African male she knew by the name "Mwanba". She reports that she also knew that this suspect committed the murder at Homestead and Harford (Case #02H0131) and had heard the suspect talking about it. She stated that she knew that the intended victim got away, however a female victim got caught in the crossfire. She was transported to the Homicide Unit.

   **Detective Eric Sharp NED/DIS reports that an African male by the name Mwanba Epps was just arrested for a shooting at 2000 E. 30th Street.

5. Monica Milligan F/B, 06/18/58 made a controlled purchase of crack cocaine and was signed up as a confidential informant.

Lieutenant Michael Tabor
Drug Enforcement Section


Exhibit 6

A. Information about 2 shootings in the Eastern District

B. She also Agreed To be signed up as a confidential informant ; if reference To Narcotics.

CASE # 131 — Female 1700 M.
133 — Witnessed 2800 Harf.
Double Same Shooter

2) Timothy Gresham M-B- 3/20/64

A. Gave information in Reference To A shooting in The Eastern District.

(Sam Bowden

3) Monica Milligan F-B- 6/18/58

Agreed To make A drug purchase $200.00 & Agreed To be Signed up as a confidential informant. She made A controlled purchase of crack Cocaine

7) Raynard Venable M-B- 2/7/67   gave info to Det. Tom Martin
Roderick Brown

Gave information in Reference To A Homicide in The Eastern District, Transported To Homicide.

SWD Homicide
H 14
4900 Chal.

Homicide — Homestead + Harford  #131  7/6/12  Female Murdered
Harford + The Alameda  Two weeks Ago Male Murder on Bus stop across street
#133

African — Mwanba Epps (Arrested for shooting 2000 E. 30th St)
Male          Two weeks Ago

* Shannon Lewis   — F B  6/20/70
Poss heroine   Broadway + Lafayette  3G18878  B. Giles
Tac Met

→ on porch on Fenwick overheard he was shooting at someone else
Female caught in the middle

Notes

Exhibit 7

Statement of M. Booker
Page #21

| | |
|---|---|
| Booker: | Probably cause that's his homeboy. That's the only reason (inaudible). |
| MacGillivary: | Tio is his homeboy. |
| Booker: | Right. |
| MacGillivary: | So the question is as a result of you not being out there, you're not a 100% sure who did the shooting. Is that what you're saying? |
| Booker: | Right. |
| MacGillivary: | Is there anything that you can add to this investigation? Anything that you believe would assist in this investigation that I haven't already asked you? Is there anything you can add? Yes or no. |
| Booker: | No. |
| MacGillivary: | Okay. Mr. Booker you are currently under arrest, isn't that correct? |
| Booker: | Right. |
| MacGillivary: | And you're under arrest on another matter, is that correct? |
| Booker: | Right. |
| MacGillivary: | Okay, ah and we're not going to get into that. Is there anything…I mean how have you been treated since you've been here? |
| Booker: | I've been treated alright. |
| MacGillivary: | Anybody force you into giving us this statement? |
| Booker: | No. |
| MacGillivary: | Anybody make any promises to you? |
| Booker: | Yeah. |
| MacGillivary: | What's that? |
| Booker: | Them dudes that, that bring me down here say he was going to let my brother and them go. |

*promise to wit*

( MAURICE Bookers )
Statement

Exhibit 8
# 1 of # 2

Statement of M. Booker
Page #22

| | |
|---|---|
| MacGillivary: | And who's your brother? |
| Booker: | Cornell Booker. |
| MacGillivary: | And what happened with Cornell Booker? |
| Booker: | They found some weed in his room. He was in his room bagging up some weed or something. |
| MacGillivary: | He was bagging up some weed? |
| Booker: | Uh huh. |
| MacGillivary: | Okay. Anything else? |
| Booker: | No that's it. |
| MacGillivary: | Sergeant? |
| Green: | I have no questions. |
| MacGillivary: | Okay. It is the 25th of September. It's approximately 10 minutes of 5. This interview is concluded; nothing to follow. |

Transcribed by:        MonaLisa Jones
                       Administrative Bureau
                       November 4, 2002

( MAURICE Booker's
   Statement )

Exhibit 8
#2 of #1

STATE OF MARYLAND VS. TONY DEWITT
HELD ON ████████ BEFORE JUDGE NANCE

Page 18

1    two statements were inconsistent.  It was at some time

2    after that that I learned that there was in fact a promise

3    contained in that.  So I would just like that to be clear,

4    Your Honor.  Thank you.

5              THE COURT: The matter before the Court at this

6    time is Defendant's Motion for New Trial.  As to the

7    statements; delivery of those statements and discovery,

8    this Court does not suggest that he would have made the

9    same ruling as the discovery judge.  The State's

10   Attorney's Office -- the State in this case obviously has

11   an operation that needs to change in a manner of

12   discovery.  I can't understand any prosecutor telling a

13   defense counsel that we have an open file policy but

14   you're not allowed to copy verbatim.  That simply is not

15   correct.

16             By the same virtue is, is that at the

17   Administrative Court or prior thereto that the full

18   statements were delivered to the Defendant.  The

19   circumstances of that is is that the statements complained

20   about was within the Defendant's control for approximately

21   a week before trial for review and investigation.

22             There has not been suggested that additional

23   time was needed for investigation as a result of receipt

24   of; nor has it been suggested that if it were received

25   prior to that date is that the investigation would have

Exhibit # 9
# 1 OF 2

STATE OF MARYLAND VS. TONY DEWITT
HELD ON ▆▆▆▆ BEFORE JUDGE NANCE

Page 19

1   been different for preparation in the trial; that under

2   the circumstances while this Court; a) does not agree that

3   the policy of the prosecutor in this case for discovery in

4   a manner in which discovery was handled would have been

5   accepted by this Court.

6          Upon motion I advise both parties that even if

7   the discovery judge had made the decision and even if the

8   administrative judge or the judge's designee at

9   Administrative Court or prior thereto had not directed, or

10  that it had not been delivered as such is that Defendant,

11  through Counsel at the time of trial could have made the

12  same motion to the Trial Court for its delivery.

13      ✶  Upon review, Defendant, through Counsel could

14  have also made a motion to the trial judge that if the

15  evidence so shows that additional time is needed is that

16  the trial judge has the ability and authority and

17  discretion to grant a delay in the trial for the purpose

18  of allowing Defendant to utilize time for investigation.

19          I do apologize; I can't remember the case, but

20  it was reversed by my former brother of this bench now at

21  a Federal Court, who granted the State's request for

22  delay, but then when discovery was delivered did not grant

23  a delay for investigation for the defense after reviewing

24  the statement.✶ The Court of Special Appeals reversed

25  Judge Quarles because that time was not given upon request

Exhibit #9
#2 of 7