IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY DEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-03202-DKC |
| | ) | |
| WILLIAM RITZ, et. al., | ) | |
| | ) | Hon. Deborah K. Chasanow |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO EXTEND TIME TO DESIGNATE PLAINTIFF'S HANDWRITING EXPERT**

Defendants, William Ritz, Gregory MacGillivary, and Kevin Turner ("Defendants"), through their undersigned attorneys, for their response to Plaintiff's motion to strike Defendants' motion to dismiss or in the alternative motion to extend time to designate Plaintiff's handwriting expert, hereby state as follows:

1. As this Court is aware, Defendants filed a motion which carefully set out a mountain of evidence which establishes that plaintiff Tony Dewitt ("Plaintiff") offered to pay Maurice Booker $10,000 in exchange for testimony favorable to Plaintiff in this civil proceeding and in the post-conviction proceedings which was used to dupe a criminal court judge into reversing Plaintiff's murder conviction. (Defs.' Mot. for Sanctions ("Sanctions Motion"), Jul. 22, 2020, Dkt. # 48 p. 6). Moreover, Defendants' motion established through Plaintiff's own words that he actually paid Tyrell Curtis money in exchange for similarly favorable testimony. (*Id*. at pp. 11-12).

2. Apparently unable to deny any of the above evidence, Plaintiff chose to remain silent and failed to file a response to the Sanctions Motion. Instead, Plaintiff shamelessly asks the Court to ignore his flagrant litigation misconduct because it was not filed by a dispositive motions

1

deadline of July 14, 2020, as contemplated by the Court's scheduling order dated January 31, 2019. (Pl.'s Motion to Strike, Dkt. # 51 at ¶3). This argument, as diaphanous as it is, is flat out wrong because the Court amended the scheduling order on March 4, 2020. (Order Dated Mar. 4, 2020, Dkt. # 44) (ordering that discovery "will continue until at least October 2020[.]").

3. The bottom line, however, is that Plaintiff fails to even minimally controvert the overwhelming evidence that he paid and promised money to critical witnesses, and knowingly concocted their false testimony.

4. Nevertheless, Plaintiff asks the Court to permit him to conduct discovery into a Questioned Document which is fraudulent on its face because, as described in the Sanctions Motion, it contains the same unique identifying number as another known document. No. This Court should not force Defendants to spend more money defending this case, where the uncontroverted evidence has already established Plaintiff's shockingly unacceptable level of litigation misconduct based on his own recorded words, and without even reaching the issue of the Questioned Document.

WHEREFORE, Defendants respectfully request that the Court dismiss this lawsuit as requested in the Sanctions Motion and deny Plaintiff's motion to strike.

Respectfully submitted,

/s/ Avi T. Kamionski
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Mayer Engelsberg Bar No. 21105
201 N. Charles Street Suite 1202
Baltimore, MD 21202
(312) 612-1928
(952) 658-3011
akamionski@nklawllp.com
snathan@nklawllp.com

mengelsberg@nklawllp.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on this 8th day of August, 2020.

/s/ *Avi T. Kamionski*