IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| TONY DEWITT | : |   |
|   | : |   |
| v. | : | Civil Action No. DKC 18-3202 |
|   | : |   |
| WILLIAM RITZ, et al. | : |   |
|   | : |   |

**MEMORANDUM OPINION**

Presently pending in this civil rights case are a motion to dismiss Plaintiff's complaint as a litigation sanction based upon witness tampering and the fabrication of evidence (ECF No. 48) and Plaintiff's motion to strike Defendants' motion to dismiss or in the alternative to extend time to designate a handwriting expert. (ECF No. 51). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to strike will be denied.[1] Counsel for the parties will be ordered to attend a recorded telephone call to discuss the case.

**I. Background**

The background to this case is detailed in a previous opinion. (ECF No. 38); *Dewitt v. Ritz*, No. DKC 18-3202, 2020 WL 510159, at *1 (D.Md. Jan. 31, 2020) (dismissing four named defendants and the

---

[1] Plaintiff's request for more time to file an opposition to the motion to dismiss in order to facilitate discovery on Defendants' handwriting experts will be discussed with counsel.

claim for conspiracy to violate the Fourth and Fourteenth Amendments). In the months that followed, discovery commenced on the surviving allegation of malicious prosecution under 42 U.S.C. § 1983. On June 11, 2020, Robert E. Joyce, with the law office of Barry R. Glazer, LLC, entered his appearance as co-counsel for the Plaintiff, joining Charles Henry Edwards, IV.

On July 22, 2020, Defendants filed the currently pending motion to dismiss Plaintiff's complaint, alleging that Plaintiff had tampered with witnesses in the post-conviction proceeding leading to the vacating of Plaintiff's conviction, and continuing into this case, which asserts a civil rights violation from the now-vacated criminal conviction. Specifically, the motion alleges that an exculpatory witness statement by Tyrell Curtis, credited as newly found evidence of actual innocence in the post-conviction proceeding, was fabricated. It further alleges that Mr. Dewitt promised money to Mr. Curtis and other witnesses in exchange for false testimony, and includes audio recordings, among other evidence, purporting to be Mr. Dewitt orchestrating all of this from prison. (ECF No. 48).[2]

On August 5, 2020, Plaintiff filed a motion to strike Defendants' motion to dismiss because it was allegedly filed eight days after the deadline for dispositive motions. In the

---

[2] Defendants' motion to file CDs of the audio recordings (ECF No. 50) is GRANTED.

alternative, this motion asked for an extension of time to 1) conduct discovery into the allegations made by the two "handwriting experts," referenced in and attached to Defendants' motion, and 2) to designate his own handwriting expert.  (ECF No. 51).[3]  On August 8, 2020, Defendants filed an opposition to an extension, arguing that further discovery would be a waste of their money where the "uncontroverted evidence has already established Plaintiff's shockingly unacceptable level of litigation misconduct."  (ECF No. 52).  Ten days later, Robert E. Joyce and the Law Office of Barry R. Glazer, LLC moved to withdraw as counsel for Plaintiff.  (ECF No. 53).   On October 16, the motion to withdraw was granted, leaving Mr. Edwards as the sole counsel of record for Plaintiff.  (ECF No. 54).

## II.  Analysis

In their opposition to the motion to strike, Defendants contend that their motion to dismiss was timely due to an amended scheduling order entered on March 4, 2020. (ECF No. 52, at 1-2) (citing ECF No. 44) (ordering discovery to "continue until at least October 2020[.]").  The circumstances obviously indicated that a new dispositive motions deadline would be set once discovery was complete.  Regardless, even if not timely as a technical matter, the motion will be considered.  "Although court deadlines are not

---

[3] Plaintiff, as Defendants point out, does not address the substantive claims of litigation misconduct in his response.

to be taken lightly or recklessly disregarded, the court has discretion to excuse minor delays." *Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678 (D.Md. 2011) (denying a motion to strike Defendants' reply to a motion for summary judgment).  An eight-day delay does not merit precluding consideration of this motion.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to strike will be denied.  Counsel for the parties will be ordered to attend a recorded telephone conference to discuss the case.  A separate order will follow.

                                      _____/s/_____
                                      DEBORAH K. CHASANOW
                                      United States District Judge