IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY DEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-03202-DKC |
| | ) | |
| WILLIAM RITZ, et. al., | ) | |
| | ) | Hon. Deborah K. Chasanow |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR AN EXTENSION TO RESPOND TO DEFENDANTS' MOTION TO DISMISS AS A LITIGATION SANCTION**

Defendants, William Ritz, Gregory MacGillivary, and Kevin Turner ("Defendants"), through their undersigned attorneys, for their Response In Opposition to Plaintiff's Request for an Extension to Respond to Defendants' Motion to Dismiss as a Litigation Sanction, hereby state as follows:

1. Defendants filed their Motion to Dismiss as a Litigation Sanction ("Sanctions Motion") on July 22, 2020. (Dkt. # 48).

2. Defendants' motion set forth clear and convincing evidence of Plaintiff's litigation misconduct. Specifically, Defendants' motion establishes that plaintiff Tony Dewitt ("Plaintiff") offered to pay Maurice Booker $10,000 in exchange for testimony favorable to Plaintiff in this civil proceeding and in the post-conviction proceedings which was used to dupe a criminal court judge into reversing Plaintiff's murder conviction. (*Id*. at p. 6). Moreover, Defendants' motion established through Plaintiff's own words that he actually paid Tyrell Curtis money in exchange for similarly favorable testimony. (*Id*. at pp. 11-12).

1

3. Defendants' motion also set forth clear and convincing evidence that Plaintiff utilized a fraudulent document to dupe the Court into reversing his murder conviction. (*Id*. at pp. 15-21). The forged document is fraudulent on its face because, as described in the Sanctions Motion, it contains the same unique identifying number as another known document. (*Id*. at p. 17).

4. Under Local Rule 105(2)(a), Plaintiff had 14-days to respond to Defendants' Sanctions Motion. Plaintiff failed to respond to the motion for more than four months.[1]

5. On December 7, 2020, the Court held a status hearing on the Sanctions Motion. (Dkt. # 57). Plaintiff's Counsel's oral response to the allegations made in the motion was that, although it "sounds bad", it is "customary" to pay witnesses.

6. Over Defendants' objection, the Court granted Plaintiff 14-days to file a response to the Sanctions Motion and indicated that this would be a final extension. *Id*.

7. Fed. R. Civ. P. 6(b)(1)(B) allows for extensions of time for "good cause" or "excusable neglect."

8. Plaintiff's request for additional time filed after business hours on December 21, 2020, the same date in which his response was due, badly misses the standard. (Dkt. # 59).

9. In a single page letter request, Plaintiff says, "access to the documents he needs to render his response have proven to be more problematic than anticipated." *Id*. No further explanation is offered. *Id*.

10. No time is needed in order to establish that Plaintiff's offered justification for the evidence set forth in the motion—that supposedly it is "customary" to pay witnesses

---

[1] Co-counsel for Plaintiff, who has since withdrawn from the case, filed a Motion to Strike or in the Alternative Motion to Extend Time on August 5, 2020. (Dkt. # 51). The Court denied the Motion to Strike in an order dated November 25, 2020. (Dkt. # 56).

(a.k.a. bribe witnesses)—is not acceptable. The answer to this question is straightforward: it is never permissible to bribe a witness.

11. As Defendant's establish in their Sanctions Motion, Plaintiff's entire lawsuit is predicated on severe litigation misconduct. (Dkt. # 48). He promised Maurice and Cornell Booker that he would pay them ten-thousand dollars ($10,000) each in exchange for their testimony; encouraged Larry Mitchell to invent false allegations of police misconduct; and paid Tyrell Curtis for testimony, the substance of which was carefully dictated by Plaintiff. *Id*. In addition, Plaintiff brazenly forged the Questioned Document to support Curtis's false testimony, then presented the forgery to the criminal court to procure the reversal of his conviction. *Id*. This same tainted evidence is now being relied upon to falsely sue the Defendants.

12. When presented with these allegations, Plaintiff's only response has been to claim that paying witnesses is typical and seek to delay and draw out these proceedings as long as possible without any plausible explanation.

13. Therefore, Plaintiff has not demonstrated good cause for an extension of time and this Court should grant Defendants' Sanctions Motion.

WHEREFORE, Defendants respectfully request that this Court DENY Plaintiff's Request for Extension and GRANT their Motion to Dismiss as a Litigation Sanction, and for such further relief the court deems just and proper.

Dated: December 22, 2020

Respectfully submitted,

*/s/ Avi T. Kamionski*
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Mayer Engelsberg Bar No. 21105
201 N. Charles Street Suite 1202
Baltimore, MD 21202
(312) 612-1928
(952) 658-3011
akamionski@nklawllp.com
snathan@nklawllp.com
mengelsberg@nklawllp.com

*Attorneys for Individual Defendants*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on this 22nd day of December, 2020.

/s/ *Avi T. Kamionski*