1          IN THE UNITED STATES DISTRICT COURT
                  DISTRICT OF MARYLAND
2                  (Baltimore Division)

3

4

   Tony Dewitt,                      :
5                                     :
                     Plaintiff        :
6                                     :
            v.                        :      Civil Action No.
7                                     :      18-cv-03202-DKC
   William Ritz, et al.               :
8                                     :      TELEPHONE CONFERENCE
                                      :
9                  Defendants         :
                                      :
10   .............................   :      .......................

11
                      Transcript of Proceedings
12          Before the Honorable Deborah K. Chasanow
                    Monday, December 7, 2020
13                 Conducted by Teleconference

14

15    For the Plaintiff:
      Charles Henry Edwards, IV, Esq.
16

17    For the Defendants:
      Avi Kamionski, Esq.
18    Mayer Engelsberg, Esq.
      Shneur Zalman Nathan, Esq.
19

20

21

22

23
                   Rebecca Stonestreet, RPR, CRR
24                Federal Official Court Reporter
                      6500 Cherrywood Lane
25                   Greenbelt, Maryland

### P R O C E E D I N G S

1

2      COURTROOM CLERK:  The matter now pending before the

3  court is civil case number 18-3202, Tony Dewitt versus

4  William Ritz, et al.  The matter now comes before the court for

5  a recorded telephone conference.

6      Counsel, please identify yourselves for the record.

7      MR. EDWARDS:  Charles Edwards for the plaintiff.

8      MR. KAMIONSKI:  Avi Kamionski for the defendants.

9      MR. NATHAN:  Shneur Nathan, also for the defendants.

10      MR. ENGELSBERG:  Mayer Engelsberg, also for defendants.

11      THE COURT:  Okay.  Great.  This is Deborah Chasanow.

12  We're all on telephones and in different locations.  Ms. Derro

13  is our courtroom deputy and we are recording the proceeding

14  electronically.

15      I asked to have this conference so that we could

16  discuss what needs to happen in order to make it possible for me

17  to resolve the merits of the defendants' motion to dismiss.

18      Mr. Edwards, first, I want to confirm, you're on the

19  phone on behalf of the plaintiffs.  Do you continue --

20  plaintiff.  You do continue to represent him.  Is that correct?

21      MR. EDWARDS:  As of now.  I didn't know that I was

22  still on the case, to be quite candid, because I actually left

23  the Law Office of Barry Glazer and it was my understanding I was

24  taken off the case.  But as it stands, I'm still on the case, so

25  I guess I still represent him.  And he wants me to represent

1    him, so for now I guess I still do.

2         THE COURT:  Okay.  That's fine.  I just wanted to

3    clarify because it was a little bit ambiguous, I suppose.

4         MR. EDWARDS:  Oh, I agree with you.  I agree with you.

5         THE COURT:  Okay.  Now, what had happened was that

6    after the defendants filed the motion, the plaintiff - at the

7    time represented by Mr. Joyce - filed a motion to strike or to

8    extend time for discovery.  I have denied the motion to strike,

9    and I would like to talk about whether it's appropriate to give

10   any time for discovery, or whether you are prepared to file a

11   substantive response to the motion, possibly with the exception

12   of being able to challenge the so-called credibility of some of

13   the expert information.  Because frankly, it seems to me that

14   unless I see a substantive opposition to the other parts of the

15   defendants' motion, I'm not sure that any discovery would be

16   necessary.

17        So that's what I need to hear from you, Mr. Edwards.

18        MR. EDWARDS:  Well, Your Honor, to be quite candid with

19   you, I know it sounds bad, what the defendants have suggested

20   happened; however, I do not believe that -- you know, I don't

21   believe that that's actually the case.  I don't believe that

22   there were any payoffs or promises of payoffs or anything like

23   that.

24        So yes, we would like to respond, and we would like to

25   explain how it's customary to pay people to come to court.

1    People get paid all the time.  Experts and nonexperts get paid

2    for their time.  Experts get paid their expert fee on top of it.

3    And if you could give me some time to respond to that, that

4    would be helpful.

5         THE COURT:  Okay.  I'm certain defendants oppose that

6    generally, but let me hear from you as to why, given the change

7    in counsel particularly, we should not allow that.

8         MR. KAMIONSKI:  Your Honor, Avi Kamionski for the

9    defendants.  The motion to dismiss with all the evidence was

10   filed on July 22nd, 2020.  It's now December 7th, 2020.  The

11   rules allow for 14 days to file a response to the motion;

12   Mr. Edwards has not responded to the motion at all, ever since

13   the motion was filed, not even this position that he's

14   expressing today.

15        We've laid out in great detail in our motion the basis

16   of our motion.  And the firm indicated to us - Mr. Glazer's

17   firm - that they were the ones that were representing

18   Mr. Dewitt, and that they are leaving the case based on the

19   allegations in the motion and they're withdrawing from the case,

20   and we haven't heard anything since the filing of the motion

21   from Mr. Edwards until this morning.  We weren't even sure he

22   would be on the call.  We had previous instances when Your Honor

23   previously dealt with the first motion to dismiss where there

24   was no response filed, so I don't think if Your Honor were to

25   give more time to file a response, that any response would ever

1   get filed.

2          So I think based on the fact that no response was filed

3   within the allotted rule times, no response should be allowed to

4   be filed at this point anymore.  No discovery needs to be

5   conducted.  The calls are what they are.  We can play the calls,

6   Your Honor can hear the calls, and we've included those calls,

7   which give direct evidence of paying off witnesses for their

8   testimony.

9          We've also shown, as to the document, that it was

10  manipulated.  And without even having to go into discovery of

11  the expert, Your Honor can look at the Bates stamp of the

12  questioned document, 79331, which mirrors the Bates stamp of a

13  known document in the file, 79331.  And those are Bates

14  stamps -- when I say Bates stamps, they're the police report

15  file.  Imagine like a ticket book; there's only one number per

16  that document.  In the file is a blank document, and plaintiff

17  used -- somebody used the blank document to complete what our

18  experts believe is a fraudulent document.  So that on its face

19  shows --

20          THE COURT:  Yeah, I understand.  And I don't disagree

21  with you that there's a very strong evidentiary showing there.

22  And that's what I had in fact said to Mr. Edwards, is that even

23  without experts, this case -- this motion is -- I think as he

24  said, it sounds bad.  It not only sounds, it looks bad.

25          But this is a somewhat unusual situation, given not

6

1    only the allegations, which are quite striking, but the counsel

2    situation.  So, you know, I don't want to buy an appeal, I don't

3    want to buy having to do this at some later date simply because

4    I didn't allow Mr. Edwards, on behalf of Mr. Dewitt, a very

5    brief period of time to indicate what evidence, if any, the

6    plaintiff has that would be sufficient to blunt the impact.

7            And Mr. Edwards, it's not simply the testimony or the

8    calls indicating payment to people to come to court.  That's not

9    it.  The document itself, frankly, you know, you don't need an

10   expert to look at handwriting.  We allow laypeople to make

11   comparisons even without testimony.  And as Mr. Kamionski was

12   just outlining, there are extremely significant indicia of

13   fraud, frankly, in the documents themselves.

14           And I understand what you're saying in terms of the

15   response.  Now, the response was filed by Mr. Joyce within the

16   appropriate time, and that response was a motion to strike as

17   well as a request for some discovery.  And the reason it took

18   this long is in part because I didn't look at it, given the

19   press of what other things were going on, until last month.

20           So yes, it is true there have been some delays at the

21   plaintiff's fault, but I'm inclined to tell Mr. Edwards that he

22   can have two weeks within which to file a substantive response

23   to the motion to dismiss, and that it must address all

24   significant aspects of that.  I've indicated that the expert is

25   only one - and frankly, tiny - part of the motion, and there are

1    some very significant things that I frankly think Mr. Dewitt

2    would have, if it were untrue, the ability to go on the record

3    about.

4         So as I expected, the defendants obviously want this

5    resolved and want it resolved quickly, and think they've

6    provided irrefutable evidence.  But until I've got one last

7    two-week period for the plaintiffs to try to show me why it is

8    not irrefutable, I think that's what I want to do.

9         So, Mr. Edwards, you now have, of course, access to the

10   motion and all of the exhibits.  Is that correct?

11        MR. EDWARDS:  I believe so.

12        THE COURT:  Okay.  Well, then, today is the 7th.

13   two weeks from today is the 21st, if I'm not mistaken.  And you

14   may have that amount of time to -- yeah, the 21st, and that's a

15   Monday.  You can file a substantive response to the motion; at

16   that point we'll see if the defendants want time to respond.

17        Given the nature of this, if I think there might be any

18   evidentiary disputes, we will have to talk about how to get that

19   hearing going - remotely at this point - maybe via Zoom, if that

20   works.  Because I am not sure when we will be convening

21   in-person court proceedings again.  But we do have ZoomGov

22   available, if necessary, to hold an evidentiary hearing if any

23   dispute is material.  I'm not predetermining that, but I am

24   planning that, if necessary, we will convene that promptly.

25        So, Mr. Edwards, you may have until December 21st to

1    file a substantive response; defendants, take a good look at it

2    and tell me if you wish to file a reply, and let us know.  And

3    then I'll wait for that and decide whether we need a hearing or

4    not, or whether I can resolve the motion on the papers.

5           So that's where we are.  Mr. Edwards, do you

6    understand?

7           MR. EDWARDS:  Yes, I do, Your Honor.

8           MR. KAMIONSKI:  Your Honor, I just wanted to make one

9    last point if possible, Your Honor.

10          THE COURT:  Sure.  Go ahead.

11          MR. KAMIONSKI:  I mean, I don't know if it's as

12   shocking to the Court, but it was definitely shocking to me

13   sitting here hearing the plaintiff's counsel say that it's okay

14   to pay witnesses.  Like, that's crazy --

15          MR. EDWARDS:  I said you can pay for their time.  Like,

16   you can pay --

17          THE COURT:  No, no, no --

18          MR. EDWARDS:  -- for their parking.

19          THE COURT:  Calm down.  Calm down.  I heard him as

20   well.  It's certainly not a legitimate court cost, so to speak.

21   So let me see what they come forward with.  Believe me, I am not

22   predetermining that anything that I have yet heard is

23   legitimate, I'm simply recognizing that Mr. Edwards was not

24   actively involved in this case until a couple of weeks ago -- I

25   mean, he was at the very beginning.  His name is in there.  I

1    think he was the one who -- did you sign the complaint?  I'm not

2    sure.

3                MR. EDWARDS:  I was, Your Honor.

4                THE COURT:  Yes, he was involved at the beginning, but

5    then, after he left Mr. Glazer's office, he was not.  But he is

6    here now, and he's got two weeks to try to substantiate and

7    support any assertion about this.

8                I mean, you know, if there's some legal authority that

9    I also need to look at, as well as factual, obviously counsel

10   will get that to me and we'll get this resolved.  But there will

11   be an opportunity, once this is briefed -- if the plaintiff

12   continues to insist that it would have been okay or was okay to

13   pay nonexpert witnesses for their time, you know, I'll take a

14   look.

15               But I hear you on behalf of defendants, and I am not,

16   by letting this happen this way, in any way indicating that I

17   agree with plaintiff that that would have been an appropriate

18   thing to do.

19               MR. EDWARDS:  Your Honor, just to be clear, I wasn't

20   talking about paying for time as you would pay an expert, I was

21   talking about paying expenses to get them to testify.  For

22   instance, you know, their parking, like I said, or even a plane

23   ticket to get them from Point A to Point B.  I don't know.  But

24   not necessarily --

25               THE COURT:  Okay.  You're not contending that it would

1   have been okay to split proceeds with witnesses --

2          MR. EDWARDS:  No, no, that's not what I'm saying at

3   all.  No, no, no.

4          THE COURT:  Okay.

5          MR. EDWARDS:  I'm talking about incidental expenses to

6   get somebody to come to testify.

7          THE COURT:  Well, that's why I think I need to see

8   this, once it's been thought out and committed to paper in

9   whatever fashion Mr. Dewitt feels it is appropriate to do.  But

10  this is the last two-week period.  They have had notice,

11  obviously, since July of the substance of the defendants'

12  contention, and we will get this resolved, given whatever we

13  have in two weeks.

14         MR. EDWARDS:  Okay.

15         THE COURT:  So, Mr. Edwards, this is a very serious

16  concern, a very serious allegation.  I mean, it may well have

17  implications beyond this particular lawsuit.  And so you and

18  Mr. Dewitt need to put your heads together, figure out what you

19  see, if anything, as an appropriate response to this motion, and

20  I look to see what you give us no later than two weeks from

21  today.

22         MR. EDWARDS:  Okay.  Thank you.

23         THE COURT:  All right.  Very good.

24         MR. NATHAN:  Your Honor, Shneur Nathan for defendants.

25  Just a quick question about process.

1          THE COURT:  Sure.

2          MR. NATHAN:  Just how do the mechanics work for us to

3    inform the Court as to whether we intend to file a reply?

4          THE COURT:  An email -- a notice on the record or an

5    email to chambers with a copy to Mr. Edwards is all I need.  I

6    just want to know that it's not -- that you're not waiving that

7    right.  Because if you are, I would look at the filings and

8    decide how I wanted to proceed right away.  But if you do want

9    to file the reply, you can take the appropriate amount of time

10   and I'll just wait for it.

11         That's all I want to know.  Sometimes parties don't

12   exercise their opportunity to file reply memos, and I simply

13   want to know if that's the case.  So if I don't hear anything,

14   I'm going to wait for your reply.  If you want to let me know

15   for sure that you're doing it, that's great.  But that's the

16   purpose of it.  So informally --

17         MR. NATHAN:  We'll make sure to let Your Honor know.

18         THE COURT:  Great.  Thank you.  And if anything else

19   comes up, obviously let us know.  While we're not all in

20   buildings all the time, we're available.  So please let us know

21   what's happening.

22         But we'll look for the plaintiff's substantive response

23   no later than two weeks from today.

24         MR. EDWARDS:  Yes, thank you, Your Honor.

25         THE COURT:  Great.  Thank you.  That will conclude this

1    recorded telephone conference.  Good-bye.

2              (Off the record at1:48 p.m.)

3

4

5

6

7

8      **I, Rebecca Stonestreet, RPR, CRR, do hereby certify that the**

9      **foregoing is a correct transcript from the stenographic record**

10              **of proceedings in the above-entitled matter.**

11

12                    **_____/s/_____**

13                      **Rebecca Stonestreet**

14                    **Official Court Reporter**

15

16

17

18

19

20

21

22

23

24

25