IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TONY DEWITT,                       ) | |
|         Plaintiff,              ) | |
|         v.                              ) | 1:18-cv-03202-DKC |
|                                         ) | |
| WILLIAM RITZ, et. al.,         ) | Hon. Deborah K. Chasanow |
|         Defendants.          ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

DEFENDANTS, William Ritz, Gregory MacGillivary, and Kevin Turner ("Defendants"), through their undersigned attorneys, pursuant to this Court's Memorandum Opinion and Order of March 10, 2021, (Dkt. ## 68-69), and pursuant to Local Rule 109.2, respectfully submit this Memorandum in support of their Motion for Award of Attorneys' Fees and Costs, and state as follows:

### INTRODUCTION

On March 10, 2021, this Court issued a Memorandum Opinion and Order granting Defendants' motion to dismiss Plaintiff's complaint as a litigation sanction. (Dkt. ## 68-69). The Court found that Plaintiff deliberately fabricated an exculpatory police report and bribed multiple witnesses to testify in accordance with the contents of that fabricated report to gain his release from prison where he was serving a life sentence. (Dkt. # 68 at p. 19). The Court also found that Plaintiff intended to rely on the same fabricated report and perjured testimony in the instant case. (*Id*.). The Court held that Plaintiff's egregious conduct warranted that Defendants be awarded attorneys' fees pursuant to 42 U.S.C. § 1988, as prevailing parties. (*Id*. at pp. 32-33). The Court directed Defendants to file a motion for attorneys' fees within (14) fourteen-days of the entry of final judgment in accordance with Local Rule 109.2. (*Id*. at p. 33; Dkt. # 69 at ¶3). A final Order dismissing Plaintiff's complaint with prejudice was entered on March 24, 2021. (Dkt. # 71).

1

## ATTORNEYS FEES SOUGHT UNDER 42 U.S.C. § 1988

Title 42 U.S.C. § 1988 authorizes the Court to award reasonable attorney's fees to the prevailing party in cases brought pursuant to 42 U.S.C. § 1983. The United States Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). As enumerated in more detail below, "[t]his court has established presumptively reasonable rates in Appendix B to its Local Rules." *Johnson v. Helion Techs., Inc.*, CV DKC 18-3276, 2019 WL 2058787, at *3 (D. Md. May 9, 2019); *see also Jones v. Allen*, No. CV PX-15-1173, 2017 WL 2296988, at *7 (D. Md. May 24, 2017) (applying presumption of reasonableness of rates set forth in the Guidelines to fees awarded pursuant to 42 U.S.C. § 1988).

In support of their request for attorneys' fees and costs, Defendants submit a detailed itemization of time expended by Defendants' counsel on this matter, attached hereto as Exhibits 1, 2, and 3.[1] As Exhibits 1, 2, and 3 demonstrate, the following attorneys expended the following time on this matter: [2]

| Attorney | Total Hours Billed |
|---|---|
| Avi Kamionski | 319.6 |
| Shneur Nathan | 65.8 |
| Mayer Engelsberg | 537.3 |
| Total: | 922.7 |

---

[1] In compliance with L.R. App. B 1(b), counsel identifies that the attached fee itemization exhibits reflect time expended almost exclusively within the discovery phase of this litigation leading to the development of evidence in support of their motion to dismiss as a litigation sanction.

[2] This accounting does not include the many hours expended by various support staff or the expert witness fees. Defendants do no seek reimbursement for these expenses.

2

Avi Kamionski has been practicing law since 2004 and is an experienced trial attorney licensed to practice in the States of Illinois and New York, and admitted to the United States District Courts for the Northern District of Illinois, Southern District of Illinois, Central District of Illinois, Southern District of New York, Eastern District of New York, District of Maryland, and the Eastern District of Michigan. (*See* Ex. 4). Mr Kamionski has been attorney of record in over 275 cases and has tried more than twenty-five (25) jury trials arising from allegations of police misconduct. (*See id.*). Shneur Nathan has been practicing law since 2007 and is an experienced trial attorney licensed to practice in the States of Illinois and New York, and admitted to practice in the Seventh Circuit Court of Appeals and the United States District Courts for the Central District of Illinois, Southern District of Illinois, Eastern District of New York, Southern District of New York, District of Ohio, and the District of Maryland. (*See* Ex. 5). Mr. Nathan has been attorney of record in over 200 cases and has tried more than twenty (20) jury trials arising from allegations of police misconduct. (*See id.*).

Nathan & Kamionski LLP ("NK") was established in 2017 and the firm's (13) thirteen full-time attorneys all work on high exposure Section 1983 cases. One of those attorneys, Mayer Engelsberg, is an associate at NK's Baltimore Office. Mr. Engelsberg graduated from the Georgetown University Law Center in May 2018 and served as a Senior Staff Editor of the Georgetown Journal on Poverty Law and Policy. (*See* Ex. 6). Mr. Engelsberg is admitted to practice law in the State of Maryland and in the United States District Court for the District of Maryland. (*See id.*). Although Mr. Engelsberg has only been practicing for a short time, his analysis and work product were indispensable to the result here.

Appendix B of the Local Rules, (3(a)-(e)), provides the following guidelines to calculate appropriate hourly rates:

3

- Lawyers admitted to the bar for less than five (5) years: $150-225.
- Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
- Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
- Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
- Lawyers admitted to the bar for twenty (20) years or more: $300-475.

While defending cases brought under 42 U.S.C. § 1983 undoubtedly requires specialized expertise, and defense counsel are well experienced, Defendants seek an award utilizing an hourly rate consistent with the guideline *minimum*.

| Attorney | Total Hours Billed | Requested Rate | Total |
|---|---|---|---|
| Avi Kamionski | 319.6 | $225 | $71,910.00 |
| Shneur Nathan | 65.8 | $225 | $14,805.00 |
| Mayer Engelsberg | 537.3 | $150 | $80,595.00 |
| Total: | 922.7 | | $167,310.00 |

Therefore, as demonstrated above, Defendants respectfully seek attorneys' fees in the amount of $167,310.00. (*See* Exs. 1-3).

## CONCLUSION

In holding that "[Plaintiff's] abuse of the judicial process in this case so extreme [so] as to forfeit [his] right to use the process," the Court highlighted "[Plaintiff's] brazen attempt to profit from his scheme by pursing the current civil action and promising to pay conspirators for their lies out of the anticipated proceeds of a fraudulent civil rights case." (*See* Dkt. # 68 at pp. 30-32). The Court explained that:

> Such brazen actions make a mockery of the truth-seeking objectives of the judicial system and weaken its credibility as an institution deserving of public trust. Moreover, Plaintiff's actions injure Ms. Moore's family and the community by depriving them of the closure provided by Plaintiff's conviction for her murder, as well as the Defendants in this case who have been forced to defend themselves

from suit. In one fell swoop Plaintiff's actions undermined the public confidence
in the integrity of law enforcement and the competence of state and federal courts.

(*Id*. at 30-31). The Court concluded that "[t]his is precisely the situation in which fees are appropriate." (*Id*. at p. 32). As such, Defendants submit that their modest request for an award of attorneys' fees in the sum of $167,310.00 is reasonable.

WHEREFORE, Defendants, William Ritz, Gregory MacGillivary, and Kevin Turner respectfully request an award of attorneys' fees in the sum of $167,310.00.

Dated: April 7, 2021

Respectfully submitted,

/s/ Avi T. Kamionski
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Mayer Engelsberg Bar No. 21105
575 S. Charles Street Suite 402
Baltimore, MD 21201
(312) 612-1928
(312) 448-6099
akamionski@nklawllp.com
snathan@nklawllp.com
mengelsberg@nklawllp.com

*Attorneys for Defendants William Ritz, Gregory MacGillivary, & Kevin Turner*

5

## **EXHIBIT INDEX**

EXHIBIT 1    Fee Itemization (Avi Kamionski)

EXHIBIT 2    Fee Itemization (Shneur Nathan)

EXHIBIT 3    Fee Itemization (Mayer Engelsberg)

EXHIBIT 4    Affidavit of Avi Kamionski

EXHIBIT 5    Affidavit of Shneur Nathan

EXHIBIT 6    Affidavit of Mayer Engelsberg

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on this 7th day of April, 2021.

/s/ *Avi T. Kamionski*