IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TONY DEWITT | : | |
| | : | |
| v. | : | Civil Action No. DKC 18-3202 |
| | : | |
| WILLIAM RITZ, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is an uncontested motion for attorneys' fees filed by Defendants, William Ritz, Gregory MacGillivary, and Kevin Turner (collectively "Defendants"). (ECF No. 72). The court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motion for attorneys' fees will be granted.

**I.   Background**

This civil action arose out of the arrest and prosecution of Plaintiff, Tony Dewitt, in the Circuit Court for Baltimore City for murder, attempted murder, and use of a firearm in a crime of violence.[1] After his conviction was vacated in a post-conviction proceeding and the State's Attorney declined to try him again in 2015, Plaintiff filed a complaint in this court on October 15,

---

[1] A more detailed recitation of the factual and procedural background of this case can be found in the court's prior memorandum opinion dismissing Plaintiff's complaint with prejudice. (*See* ECF No. 68).

2018, against seven Baltimore City police officers alleging
malicious prosecution and conspiracy to violate his Fourth and
Fourteenth Amendment rights under 42 U.S.C. § 1983.  Following the
dismissal of the conspiracy claim, discovery began on the surviving
malicious prosecution claim.   During the course of discovery,
Defendants learned that Plaintiff had deliberately fabricated an
exculpatory police report, forged the signatures of the police
detectives on the report, and bribed the witnesses who testified
on his behalf at the post-conviction hearing.   On July 22, 2020,
Defendants moved to dismiss Plaintiff's complaint as a litigation
sanction asserting that Plaintiff had deliberately fabricated
evidence and tampered with witnesses and that he attempted to rely
on the same fabricated evidence and perjured testimony to support
his malicious prosecution claim.   (ECF No. 48).

On March 10, 2021, this court dismissed Plaintiff's malicious
prosecution claim with prejudice as a litigation sanction finding
that the evidence produced by Defendants established that the
police report was fabricated, and Plaintiff had bribed witnesses
in exchange for their testimony.   On April 7, 2021, Defendants
filed the currently pending motion for attorneys' fees pursuant to
42 U.S.C. § 1988 and Local Rule 109.2.   (ECF No. 72).   Defendants
seek attorneys' fees in the amount of $167,310.00.   Plaintiff has
not responded and the time to do so has since expired.  *See* Local
Rule 109.2.

## II.  Standard of Review

In 1976, Congress passed the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which provides that a court, within its discretion, may award reasonable attorneys' fees to a prevailing party in certain types of actions, including those under 42 U.S.C. § 1983.  As noted by the Supreme Court, most of the decisions addressing § 1988 concern awards to prevailing plaintiffs. *Fox v. Vice*, 563 U.S. 826, 833 (2011).  A prevailing defendant, however, may also be awarded fees: "In enacting § 1988. . . Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis.'" *Fox*, 563 U.S. at 833 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)).  To be a prevailing party, a defendant must show that "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* "The standard for awarding fees to defendants is higher than it is for plaintiffs because there are quite different equitable considerations present: awarding fees to defendants may discourage frivolous litigation, but doing it too often would undermine Congress' policy of encouraging meritorious civil rights litigation." *Wolfe v. Routzahn*, 953 F.Supp.2d 627, 635 (D.Md. 2013) (internal quotation marks omitted).

If a defendant is found to be a prevailing party, and the court decides to award fees against the plaintiff, the calculation of fees proceeds as it does for others.  First, the lodestar must

be calculated, that is multiplying the number of reasonable hours expended times a reasonable rate.  An hourly rate is reasonable if "it is in 'line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 412 (D.Md. 2014) (quoting *Blum v. Stenson*, 465 U.S. 866, 890 n.11 (1984)).  Magistrate Judge Simms recently recapped the procedure in our court:

> To determine the reasonableness of an attorney's hourly rate, courts analyze whether the rate sought is consistent with the rate that prevails in the community for "similar legal services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).  While a court may rely upon affidavits from attorneys opining on the reasonableness of requested rates, see, *e.g., Poole ex. Rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509-10 (D.Md. 200), it is well established that a court may rely upon its knowledge of the Maryland market.
>
> In this district, that "market knowledge" is embedded in United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.  ("the Guidelines").  *See Gonzales v. Caron*, Civ. No. CBD-10-2188, 2011 WL 3886979, at *2 (D.Md. Sept. 2, 2011).  The Guidelines, although not binding, presumptively set forth ranges of reasonable hourly rates based on an attorney's years of experience.  *Gonzales*, 2011 WL 3886979, at *2.

*Chaten v. Marketsmart LLC*, No. CV PX-19-1165, 2020 WL 4726631, at *3 (D.Md. Aug. 14, 2020).  Appendix B to the Maryland Local Rules provides a range for reasonable hourly rates:

    a. Lawyers admitted to the bar for less than five (5) years: $150-225.
    b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
    c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
    d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
    e. Lawyers admitted to the bar for twenty (20) years or more: $300-475.
    f. Paralegals and law clerks: $95-150.

Maryland Local Rules Appendix B.

To establish the number of hours reasonably expended, a defendant must submit evidence supporting the hours worked. Local Rule 109.2 provides that a party requesting attorneys' fees must include "a detailed description of the work performed broken down by hours or fractions thereof expended on each task."

After the lodestar is determined, there can be adjustments for factors not accounted for in the lodestar determination, such as enhancements for superior attorney performance, or reductions to reflect the degree of success.

## III. Analysis

Defendants assert that they are prevailing parties in an action involving 42 U.S.C. § 1983 and accordingly, are entitled to reasonable attorneys' fees. As previously stated, in order for defendants to be deemed a "prevailing party" in an action involving § 1983, the plaintiff's case must have been "frivolous, unreasonable, or without foundation." *Wolfe*, 953 F.Supp.2d at 635. That is undoubtedly the case here. Plaintiff attempted to

rely on deliberately fabricated evidence in order to deceive this court into finding that he was the victim of malicious prosecution. Recognizing this, this court issued a ruling formally finding that Plaintiff's conduct was so frivolous and unreasonable "as to 'forfeit [his] right to use the [judicial] process'" and dismissing Plaintiff's claim with prejudice. *Dewitt*, 2021 WL 915146 at *13 (quoting *Rangarajan*, 917 F.3d at 229). Thus, Defendants are correct in their assertion that they are prevailing parties in an action involving 42 U.S.C. § 1983.

Next, the court must determine whether an award of attorneys' fees should be granted and, if so, what amount is reasonable. Here, Defendants seek an award of attorneys' fees in the amount of $167,310.00 for work done by three attorneys: Avi Kamionski, Shneur Nathan, and Mayer Engelsberg. (*See* ECF Nos. 72-2 – 72-6).[2] They each request hourly rates at the low end, or lower, of the rates contained in the guidelines. In total, they seek compensation for 922.7 hours.

Mr. Kamionski is a licensed attorney who has been admitted to the bar for approximately seventeen years. He requests compensation for 319.6 hours of work performed on this case at an

---

[2] In support of their requested award, each attorney submitted an affidavit including the number of years he has been licensed to practice, his professional experience and detailed descriptions of the work he completed on this case.

hourly rate of $225.  A rate of $225 per hour is well-below the guidelines for an attorney with seventeen years of experience.

Mr. Nathan has been a licensed attorney for approximately fourteen years.  Mr. Nathan billed 65.8 hours on this case and requests an hourly rate of $225.  The guideline range for an attorney with nine to fourteen years of experience is $225-350. Mr. Nathan's requested hourly rate of $225 falls within the guideline range.

Mr. Engelsberg has been a licensed attorney for less than five years.[3] He requests an hourly rate of $150 for 537.3 expended hours on this case.  This rate is within the guidelines as well.

The three attorneys seek compensation for 922.7 hours, from April 4, 2019 through March 12, 2021, beginning with the assessment of the complaint, continuing through discovery, and involving researching and preparing the motion to dismiss and related papers. The affidavits and supporting documents set forth in sufficient detail the nature of each task performed in relation to this case including, preparing documents in support of the motion to dismiss, reviewing handwritten letters written by Plaintiff, analyzing the recordings of Plaintiff's prison calls, reviewing and analyzing

---

[3]  Mr. Engelsberg does not specifically state the number of years he has been licensed.  He merely states that he graduated from Georgetown Law School in 2018 and is a licensed attorney.  Thus, the court can presume that he has been licensed for at least one but less than five years, both of which yield a rate between $150-225 under the local rules.

Baltimore Police records, the post-conviction hearing, and the homicide file.  Given the wealth of material that had to be amassed and evaluated, and the complexity of the motion to dismiss that was filed, the three attorneys appear to have proceeded efficiently and without major duplication of effort.  Well over half of the hours were devoted by Mr. Engelsberg, who commands the lowest hourly rate.  The overall number of hours appears reasonable.

| Attorney | Reasonable Hours Expended | Reasonable Hourly Rate | Total |
|---|---|---|---|
| Avi Kamionski | 319.6 | $225 | $71,910.00 |
| Shneur Nathan | 65.8 | $225 | $14,805.00 |
| Mayer Engelsberg | 537.3 | $150 | $80,595.00 |
| Total: | 922.7 | | $167,310.00 |

Defendants do not seek any adjustments to the lodestar, which will be awarded in full.

**IV. Conclusion**

Defendants' motion for attorneys' fees will be granted. Defendants will be awarded $167,310.00 in attorneys' fees.  A separate order will follow.

```
                          /s/
```
DEBORAH K. CHASANOW
United States District Judge